CORNELIA H. BISHOP, Respondent, *v.* THE VILLAGE OF GOSHEN, Appellant.

In an action to recover damages for injuries caused by a fall upon a sidewalk on one of defendant's streets, alleged to have been caused by its negligence in permitting an accumulation of snow and ice thereon, it appeared that a few days before the accident there had been a storm of rain and snow.    There was an awning over, and so no snow had accumulated upon that part of the sidewalk where plaintiff fell, but there was ice upon it, and there was evidence tending to show that during the storm defendant's servants, in cleaning a crosswalk near the point cast the snow upon a grating through which the water along the sidewalk was accustomed to flow into a drain, and this prevented such flow, turning the water upon the sidewalk, which freezing, formed the ice upon which plaintiff fell.    *Held*, the question of defendant's negligence was properly submitted to the jury.

Plaintiff also claimed a defect in the construction of the curbing of the sidewalk, *i. e.*, that it was constructed of wood instead of stone, and that it had worn unevenly, leaving the knots projecting.    There was no evidence on the trial that this caused the injury.    Plaintiff's counsel requested the court to charge that if the jury found that the curbing was itself dangerous to public travel, and that that was the proximate cause of the injury, defendant was guilty of negligence.    In response the court said: "I charge that if they find that it was dangerous to public travel, it would be, of course, negligence.    The question of fact for the jury to determine is, whether it was or was not dangerous."    Defendant excepted. The court subsequently, at the request of defendant, added "that the

jury must, in that event, find that it (the curbing) was not the cause of her slipping and falling upon the sidewalk," and it refused plaintiff's request to charge that "the permitting the curbing to remain with the knots protruding was negligence, and if the jury find those knots caused the injury, defendant was liable." *Held* (FOLLETT, Ch. J., PARKER and VANN, JJ., dissenting), that there was no error in the charge justifying a reversal. First, the exception was insufficient; second, as there was no evidence tending to show the alleged defect in the curb caused the injury, the instruction given was simply an abstract proposition, and as such was correct; third, any chance of misapprehension on the part of the jury was removed · by the addition to the charge and by the refusal to charge as further requested.

(Argued February 27, 1890; decided June 3, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 21, 1887, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

The nature of the action and the material facts are stated in the opinion..

*Lewis E. Carr* for appellant. The motion for a nonsuit should have been granted. The evidence did not establish any actionable neglect of the village authorities which caused the plaintiff's injury. (*Allen* v. *New Gas Co.,* 17 Eng. Rep. 420, 424; *McCaffrey* v. *R. R. Co.,* 47 Hun, 404; *Baulec* v. *R. R. Co.,* 59 N. Y. 356, 366; *Dwight* v. *Ins. Co.,* 103 id. 341, 359; *Urquhart* v. *City of Ogdensburgh,* 91 id. 67; *Kinney* v. *City of Troy,* 108 id. 567; *Kaveny* v. *City of Troy,* Id. 571; *Taylor* v. *City of Yonkers,* 105 id. 202; *Smith* v. *City of Brooklyn,* 36 Hun, 224; *Muller* v. *City of Newburgh,* 32 id. 24; 105 N. Y. 668; *Searle* v. *M. R. Co.,* 101 id. 661; *Parker* v. *Vil. of Cooperstown,* 59 id. 660.) The motion for a nonsuit on the ground of the plaintiff's want of care should have been granted.. (*Evans* v. *City of Utica,* 69 N. Y. 166; *Durkin* v. *City of Troy,* 61 Barb. 437, 455; *Dubois* v. *City of Kingston,* 102 N. Y. 221, 224; *Bullock* v. *Mayor, etc.,* 99 id. 654.) It was error for the court to refuse

the defendant's request that liability did not attach for an
error in judgment as to the plan of the improvement of the
street and walk in this locality. (*Urquhart* v. *City of
Ogdensburgh,* 91 N. Y. 67, 71; *Hines* v. *City of Lockport,*
50 id. 236, 238; *Hart* v. *H. R. B. Co.,* 80 id. 622; *Bills* v.
*R. R. Co.,* 84 id. 5; *Wait* v. *Ins. Co.,* 13 Hun, 371; *Barton*
v. *R. R. Co.,* 1 T. & C. 297; *Driggs* v. *Phillips,* 103 N. Y.
77, 81, 82; *Chapman* v. *R. R. Co.,* 55 id. 579, 587; *Allis* v.
*Leonard,* 58 id. 288, 290, 291; *Leichtweiss* v. *Treskow,* 21
Hun, 487, 488.) As a matter of law the time was not suffi-
cient to charge defendant with notice, and as the further fact
is undisputed that the snow and ice could not be removed, the
village was excused as matter of law. (*Taylor* v. *City of
Yonkers,* 105 N. Y. 202; *Smith* v. *City of Brooklyn,* 36 Hun,
224; *Heintze* v. *Mayor, etc.,* 18 J. & S. 295, 297.)

*Henry Bacon* for respondent. The case was properly sub-
mitted to the jury for determination whether the plaintiff had
been guilty of contributory negligence, and whether there was
such a failure by the officers of the defendant to perform their
duties as charged it with negligence. (*Goodfellow* v. *Mayor,
etc.,* 100 N. Y. 15; *Clemence* v. *City of Auburn,* 66 id. 334,
342; *Gage* v. *Village of Hornellsville,* 2 N. Y. S. R. 351;
*Bullock* v. *Mayor, etc.,* 99 N. Y. 654; *Twogood* v. *Mayor, etc.,*
102 id. 216; *Todd* v. *City of Troy,* 61 id. 506; *Mosey* v.
*City of Troy,* 61 Barb. 580; *Evans* v. *City of Utica,* 69
N. Y. 166.)

POTTER, J. This action was brought to recover damages
which the plaintiff alleged she had sustained by reason of a
fall upon the sidewalk of the defendant, caused without any
fault upon her part, and through the negligent and improper
manner of constructing the sidewalk and curbing, and of the
unsafe and unsuitable materials of which the curb was con-
structed, and through negligence in permitting the same to
remain in that condition to the time of the fall and injury.
The complaint also alleges that the defendant negligently per-

mitted the same to become out of repair and dangerous and unsafe for a long time prior to the time of the accident, and also that the defendant negligently permitted the ice and snow to accumulate and to remain upon said sidewalk and that after notice of the same, etc.

From the matters stated in the complaint it might be supposed that the plaintiff intended to establish the liability of the defendant for the injury to the plaintiff upon the several grounds; that the plan or design of the sidewalk and curbing was defective, upon the ground that they had become out of repair and dangerous and unsafe, and also, upon the ground that the defendant had negligently permitted an accumulation of snow and ice upon the sidewalk.

In the course of the trial, and prior to the charge, the court had, by its ruling, eliminated from the grounds of liability of the defendant, the alleged defective plan of the construction of the sidewalk, and the plaintiff, by her own testimony, proved that she slipped and fell upon the sidewalk, and thus eliminated from the case the alleged defect in the curbing, as a ground of liability. I should say here, that the alleged defect in the curbing consisted in using for the curb, wood instead of stone, and that it wore unevenly, leaving the knots in the wood curb to project higher than the rest of the wood. The only remaining ground, therefore, to base the liability of defendant upon was the alleged accumulation of snow and ice upon the sidewalk.

In respect to the latter ground, the proof in the case showed this state of facts: that a very few days before the accident there had been a storm of rain and snow, and that the snow melted somewhat, became soft and wet, and the water flowed along the sidewalk; and that the weather suddenly became cold and froze the snow and the water and they remained so from the end of the storm to the time of the happening of the accident. The proof also showed there was an awning over the sidewalk and that there was and had been no snow upon the sidewalk near the point where the plaintiff slipped and fell. The proof, however, showed that there was ice upon the sidewalk

where the plaintiff slipped and fell, and proof was introduced tending to show that during the storm the defendant's servants, in cleaning the crosswalk (which was near the point in the sidewalk where the plaintiff fell) of snow, cast the snow upon a grating through which the water along the sidewalk was accustomed to flow into drains or sewers, and thus prevented its flow through the grating and turned it upon the sidewalk, where it froze and formed the ice upon which the plaintiff slipped and fell.

This was the only theory remaining upon the trial upon which to base the plaintiff's recovery and we must presume, upon this appeal, that the defendant's liability was based upon that ground.

There was evidence sufficient in this case to justify the verdict of the jury upon that ground, and we do not think this court can interfere with such finding.

I do not think there are any exceptions to rulings upon evidence or in relation to the charge which should interfere with the operation of the ordinary and safe rule that all intendments should be made by appellate courts in support of a judgment, and that no speculation as to possibilities should be allowed to reverse or to set aside a verdict.

Indeed, I do not understand the appellant's counsel to urge upon this appeal error in the charge of the court, in response to plaintiff's request that: "I ask your honor, also, to charge the jury that if they find from the evidence that the plank curbing standing above the level of the sidewalk was, of itself, dangerous to public travel, and *that* was the proximate cause of the injury to the plaintiff, the defendant is guilty of negligence in allowing it to remain for so long a time." The court, in response to that request, said: "I charge that if they find that it was dangerous to public travel it would be, of course, negligence. The question of fact for the jury to determine is whether it was or was not dangerous. Defendant excepts." I am, moreover, inclined to think that the counsel should be precluded from insisting that there was reversible error in the response.

There were two propositions in plaintiff's request. One of them only was referred to in the response of the court. The other was not referred to. The exception was too indefinite to be available as error. It did not indicate whether the exception was for the reason that the court did not charge in respect to one of the propositions or charged erroneously as to the other proposition. It is due to a court that it be made aware of the specific ground of exception, to the end that it may correct error and avoid all grounds of misapprehension.

Nor did the defendant use or suggest his exception in the specification of the grounds of his motion to set aside the verdict. According to the evidence in the case and the contention of the defendant and the rulings of the court, there was no liability on account of the wood curb in any respect.

·The instruction in that regard was in no wise pertinent or applicable to the case, and was, as to this case, an abstract proposition. Moreover, as an abstract proposition, the request was doubtless correct under the circumstances stated in the request, viz.: That a plank curbing standing above the level of a sidewalk, and that that being the proximate cause of the injury, the defendant might be guilty of negligence if it was allowed to remain so for a long time, and that a dangerous thing to public travel is negligence, or, perhaps, more precisely, is evidence of negligence.

But all chance of misapprehension, upon the part of the jury, from the remarks of the learned trial court upon the dangerous character of the curbing, in its relation to the sidewalk, and to which the defendant had excepted, was entirely removed from the case when the court refused plaintiff's request: " I also ask your honor to charge that the permitting this plank curbing to remain, with the knots protruding above its surface, for the length of time which it is proven in this case to have remained in that condition, was negligence upon the part of the defendant; and if the jury find that those knots caused the injury which came to the plaintiff, the defendant is liable." And this is made still more obvious

when the court added to its remarks, at the request of the
defendant, "that the jury must, in that event, find that *it*
(the curbing) was not the cause of her slipping and falling
upon the sidewalk."

The judgment should be affirmed with costs.

PARKER, J. (dissenting). I am constrained to dissent from
the view which leads a majority of this court to affirm the
judgment under review. It seems to me that the trial court
committed an error in its charge to the jury of sufficient
gravity to demand a reversal.

The recovery had was for damages sustained by the plain-
tiff's falling on the defendant's sidewalk. The plaintiff claimed
that the accident was solely the result of the defendant's
omission to keep the walk in a safe condition for public
travel.

The court properly instructed the jury, in effect, that if the
accident occurred without any fault on the part of the plaintiff
contributing to the result, and was wholly due to the negligence
of the defendant, that then the plaintiff was entitled to a verdict
for the damages sustained.

Thereupon the plaintiff's counsel requested the court to
charge as follows: "I ask your honor also to charge the jury
that if they find from the evidence that the plank curbing
standing above the level of the sidewalk was of itself danger-
ous to public travel, and that was the proximate cause of the
injury to the plaintiff, the defendant is guilty of negligence
in allowing it to remain for so long a time."

The case is wholly without evidence justifying a finding
that the plaintiff's fall was occasioned by any defect in the
curbing, and, therefore, this request was improper. The only
effect possible of such an instruction would be to mislead the
jury. But in its response to the request the court went
further and said: "I charge that if they find it was dangerous
to public travel it would be, of course, negligence. The
question of fact for the jury to determine is whether it was
or was not dangerous."

In view of the instruction already given, that the defendant's liability was dependent upon whether it was negligent, the effect of this charge was to inform the jury that if the plank curbing was dangerous to public travel the defendant was negligent. And, as a necessary consequence, that if the plaintiff was without fault she might recover. They were permitted, therefore, to find a verdict against the defendant for a cause which was not the occasion of plaintiff's injury. This was manifest error. It is no answer to say that the jury, in view of the evidence which informed them that the plaintiff's fall was not owing to the defective curbing, probably based their finding upon some other ground.

It must be presumed in this court that they were governed by the charge of the trial judge, and that this erroneous instruction may have influenced their verdict.

Certainly, we ought not to assume, if we could be permitted to do so, that the jury had a clearer conception of the evidence than the counsel and the court as indicated by the request to charge and the response thereto.

The suggestion that the error may be deemed to have been cured by the response of the court to a request to charge, subsequently made by the defendant's counsel, seems to be without merit.

If the request and response, considered together, fairly informed the jury that the erroneous instruction should not be followed, such would have been its legal effect.

The request was as follows: "In connection with the request of the plaintiff's counsel which your honor charged with regard to the jury finding that this sidewalk was dangerous, I ask your honor to charge that the jury must, in that event, find that it was not the cause of her slipping and falling upon the sidewalk."

The court said: "I charge that; the request included that."

Certainly it cannot be said that the jury were thus informed that the court had incorrectly instructed them; or directed to follow some other and different rule than that previously given.

On the contrary, they were distinctly told by the court, at the moment of charging the request of defendant's counsel, that it was included in the request of the plaintiff, in response to which the court committed the error heretofore pointed out.

Necessarily, therefore, they were informed that it was not in conflict with such previous instruction, but rather that it formed a part of the proposition which the court considered and charged before giving the erroneous instruction.

The judgment should be reversed and a new trial granted.

All concur with POTTER J., except FOLLETT, Ch. J., PARKER and VANN, JJ., dissenting.

Judgment affirmed.