MARY I. GILLRIE, Respondent, *v.* THE CITY OF LOCKPORT, Appellant.

In an action to recover damages for injuries alleged to have been sustained by plaintiff, by reason of her falling upon one of defendant's sidewalks, which defendant had negligently suffered to be out of repair, and, in consequence, ice had accumulated thereon, causing the fall, it appeared that, at the point where plaintiff fell, water from the roof of an adjoining building was conducted across the walk through a gutter channeled in the surface stone of the sidewalk; that this stone and the gutter stone had become disjointed and broken, so that the flow of the water was interrupted, and it ran over onto the sidewalk, and there froze. *Held*, that as the dangerous condition of the walk was not due to natural but to artificial causes, defendant, if chargeable with notice of the defect, was liable for negligence.

*Muller* v. *City of Newburgh* (32 Hun, 24; 105 N. Y. 668); *Taylor* v. *City of Yonkers* (105 N. Y. 202), distinguished.

A witness for plaintiff was permitted to testify, under objection and exception, that about two years prior to the accident in question he fell upon the ice at the same place, and that there was then about the same amount of ice as when plaintiff fell. It did not appear that the prior accumulation of ice was caused by defects in the sidewalk. *Held*, that the reception of the testimony was error.

*Quinlan* v. *City of Utica* (11 Hun, 217; 74 N. Y. 603); *District of Columbia* v. *Armes* (107 U. S. 519), distinguished.

(Submitted October 13, 1890; decided October 28, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made December 30, 1887, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John T. Murray* for appellant. Improper evidence was admitted and allowed by the court. (*Warner* v. *N. Y. C. & H. R. R. R. Co.*, 44 N. Y. 465; *O'Hagen* v. *Dillon*, 76 id. 170.) The evidence fails to show negligence on the part of the defendant. (*Blakely* v. *City of Troy*, 18 Hun, 167; *Muller* v. *City of Newburgh*, 32 id. 24; 105 N. Y. 668; *Smith* v. *City of Brooklyn*, 36 Hun, 224; 107 N. Y. 655; *Taylor* v. *City of Yonkers*, 105 id. 202, 209; *Palmer* v. *P. Co.*, 111 id. 488; *Kaveny* v. *City of Troy*, 108 id. 571; *Kelly* v. *M. R. Co.*, 112 id. 443.)

*John E. Pound* for respondent. The burden of proving the want of funds to keep the sidewalk in question in a safe and proper condition as alleged in the amended answer, rested upon the defendant. (*Hines* v. *Lockport*, 50 N. Y. 236; *Hoover* v. *Burkhoof*, 44 id. 113; *Bidwell* v. *Murray*, 40 Hun, 190; *LaDuke* v. *Fulton*, 20 Wkly. Dig. 453 There was a culpable defect in said sidewalk, and injury would not have been sustained but for such culpable defect. The defendant is, therefore, liable. (*Ring* v. *City of Cohoes*, 77 N. Y. 83; *Taylor* v. *City of Yonkers*, 105 id. 202; *Kinney* v. *City of Troy*, 108 id. 567; *Blakely* v. *City of Troy*, 18 Hun, 167; *Kaveny* v. *City of Troy*, 108 N. Y. 571; *Gram* v. *Vil. of Greenbush*, 20 N. Y. S. R. 370.) Notice to the city was not only shown by lapse of time, but actual notice to the superintendent of streets, the officer having the streets of the city under his special supervision, was proven. (*Rehberg* v. *City of New York*, 91 N. Y. 137; Deering on Neg. § 179.) The damages were not excessive and were properly left to the jury. (*Leeds* v. *Met. Gas Light Co.*, 90 N. Y. 29; *Brignoli* v. *C. & G. E. R. R. Co.*, 4 Daly, 182; Laws of 1860, chap. 90, § 7; *Ransom* v. *N. Y. & E. R. R. Co.*, 15 N. Y. 415; *Gale* v. *N. Y. C. & H. R. R. R. Co.*, 53 How. Pr. 385.) It was proper to show that others had fallen at the same place, while

the walk was out of repair. (*Aurora* v. *Brown*, 12 Ills. App. 122; *Avery* v. *Syracuse*, 29 Hun, 537; *Quinlan* v. *Utica*, 11 id. 217; 74 N. Y. 603; *Pomfrey* v. *Saratoga*, 104 id. 459; *District of Columbia* v. *Armes*, 107 U. S. 519.) There was no error in refusing a nonsuit at the close of the plaintiff's case, nor in refusing to direct a verdict for the defendant at the close of the testimony. (Deering on Neg. §§ 179–188; *Todd* v. *Troy*, 61 N. Y. 506; *Hines* v. *Lockport*, 50 id. 236; *Niven* v. *Rochester*, 76 id. 619; *Diveny* v. *Elmira*, 51 id. 506; *Bullock* v. *Mayor, etc.*, 99 id. 654; *Taylor* v. *Yonkers*, 7 N. Y. S. R. 332; *Darling* v. *Mayor*, 18 Hun, 340; *Reich* v. *Mayor*, 18 Wkly. Dig. 140; *Goodfellow* v. *Mayor*, 100 N. Y. 15; *Pomfrey* v. *Saratoga*, 104 id. 459.) The evidence shows that the plaintiff was free from contributory negligence. (*Colburn* v. *Canandaigua*, 15 N. Y. S. R. 668.)

PARKER, J. The judgment under review is for personal injuries sustained by the plaintiff in falling upon a sidewalk which it is alleged the defendant negligently suffered to be out of repair and in an improper condition.

Between five and six o'clock in the afternoon of February 27, 1883, the plaintiff passed out of Hascall Brothers' store, on Main street in the city of Lockport, and turned towards home. While on the sidewalk and when about opposite the division line between that store and a building occupied by Craine & Watters, she stepped upon a mound or hummock of ice, slipped and fell, breaking her arm.

The evidence tended to show that the sidewalk in that vicinity except at the place of the accident, was free from ice. Its presence there was due to the fact that at this point water was conducted from the roof of an adjoining building by means of a conductor-pipe into a gutter channeled into the surface stone of the sidewalk to the curb stone, which prior to the date in question had become disjointed and broken so that instead of the water being led directly to the gutter it to some extent poured out of the broken places and ran over onto the sidewalk. One of the gutter stones had also become

broken, and the broken piece was elevated at one end and depressed at the other. So that it checked in some measure. the flow of water towards the gutter, and contributed to make the sidewalk at that point rough and uneven whenever a lower-ing temperature caused the water thus retained to congeal.

Without further reciting the facts, it is sufficient to say that. we agree with the learned judge at General Term, that this. case does not come within the rule established in *Muller* v. *City of Newburgh* (32 Hun, 24; 105 N. Y. 668), and *Taylor* v. *City of Yonkers* (105 id. 202), because the dangerous. condition of the sidewalk was not due to natural causes, but rather to artificial ones, and thus the finding of the jury that the defendant was negligent comes within the protection of *Todd* v. *City of Troy* (61 N. Y. 506).

The record presents but one exception requiring considera-tion. A witness sworn on behalf of the plaintiff was per-mitted to testify, against the objection of the defendant that the evidence was too remote, irrelevant and immaterial, that about two years prior to the happening of the accident in question, he fell upon the ice at the same place. That as he was coming out of Craine & Watters' store, he stepped down from the riser onto this place, and fell. He further said that there was about the same amount of ice there as when the plaintiff fell. It does not appear that the accumulation of ice, at the time the witness fell, was occasioned by the defects in the conductor-pipe and gutter stone, which are alleged by the plaintiff to have been the cause of the creation of the mound or hummock of ice upon which she fell. After the evidence had been admitted, the defendant moved to strike out so much of it as referred to his fall of two years before. The motion was denied and the defendant excepted. It was competent to show that the sidewalk had been in an unsafe condition by reason of the accumulation of ice for a period of time previous to the happening of the acci-dent. Indeed, it was necessary to show in the event of a. failure to prove that the defendant had actual notice of the condition of the sidewalk at this place, that it had been

in that condition for such a length of time that the defendant ought to have known it, and, therefore, chargeable with constructive notice of its actual condition. In the attempt to make such proof it has been held competent to permit one who is giving testimony as to the condition of the sidewalk to testify that he had fallen himself. It tends to show how he came to know the condition of the walk. (*Pomfrey* v. *Village of Saratoga Springs,* 104 N. Y. 459–469.) Proof of the happening of a prior accident in the same place, has also been held to be competent upon the ground that it tended to show that the walk, tested by actual use, had been demonstrated to be in an unsafe and improper condition, and that such was its condition at the time of the happening of the accident. (*Quinlan* v. *City of Utica,* 11 Hun, 217; 74 N. Y. 603; *District of Columbia* v. *Armes,* 107 U. S. 519.)

Had the plaintiff confined her proof so far as it related to the falling of others during the continuance of this mound or hummock of ice it would have come within the protection of the rule established by the decisions of which the cases cited are a type. But mere proof of a fall occasioned by the existence of ice two years before was not competent for any purpose. It was not pertinent upon the question of notice to the defendant because that ice was not the occasion of this injury. It did not tend to show that, tested by actual use, this walk was in an improper condition for the ice complained of had disappeared, and as a result the walk had been restored to its usual condition nearly two years before.

It was, therefore, the right of the defendant to have this incompetent evidence excluded. This right was denied to it, and as we cannot say that the defendant was not injured by the error, the judgment should be reversed.

All concur, except BRADLEY and HAIGHT, JJ., not sitting. Judgment reversed.