JOHN DYE, Respondent, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant.

*Court of Appeals, December 22, 1891.*

1. *Evidence. Master and servant.*—Evidence of similar accidents is incompetent, where it can have no bearing upon the issues presented.
2. *Same.*—Such evidence, *it seems*, is competent, where it is important to show that the defendant had notice or was warned of the dangerous character of municipal sidewalks, or of the inadequacy of facilities provided for the passage of passengers to and from trains over the company's premises.

Appeal from a judgment of the general term of the superior court of Buffalo, entered on an order affirming a judgment entered in favor of the plaintiff on the verdict of a jury.

The recovery had in this action was for personal injuries sustained by the plaintiff, an employee of the defendant, on the 17th of October, 1887, while he was engaged in coupling cars. The cars which he was attempting to couple he described as a jimmy and a chronic car. The jimmy was a four-wheeled coal car, considerably lower than the eight-wheeled car which he called a chronic car. So when the two cars came together the dead-woods of the eight-wheeled car, instead of meeting the deadwoods of the jimmy, thus keeping the cars at a sufficient distance apart to enable a person to stand between them, overlapped, causing the cars to come so nearly together that the plaintiff was severely injured.

The plaintiff commenced working on railroads about fifteen years prior to the accident, during which time he had served in different capacities, such as brakeman, baggage-man and switchman.

At the time of the accident and for several months prior he had been a member of a switching gang connected with the work of making up and distributing trains between the yard at East Buffalo and the yard at the foot of Erie street. At the East Buffalo yard the trains coming from the east are broken up and distributed by switch engines and their crews. Loaded and unloaded cars are brought from different points in the city, including other railroad yards, by the switch engines, to the yard at East Buffalo, and are there made up into trains to go east. The crews connected with the switch engines do all the switching, coupling and uncoupling required in this business, and it was of such a crew that the plaintiff was a member.

It appears that on defendant's railroad there are a number of different kinds of cars in use, on some of which there are no dead-woods at all, while on others there are short dead-woods. And the evidence tended to show that it was a matter of frequent occurrence that when the jimmies and the eight-wheeled cars came together the dead-woods would overlap, and the switchmen in doing their work had daily to make couplings between such cars. The plaintiff, however, denied having any knowledge that such dead-woods would overlap prior to the happening of the accident.

*John G. Milburn,* for appellant.

*Ernest K. Weaver,* for respondent.

PARKER, J.—An exception taken to the admission of certain testimony against the objection of the appellant requires a reversal of the judgment.

The defendant did not attempt to controvert the claim of the plaintiff that his injury was occasioned by the overlapping of the dead-woods of the jimmy and the eight-wheeled car, thus permitting the cars to come so close together as to necessarily severely injure a person who happened to be

between them at the time; nor was it pretended that the difference in the height of the dead-woods of the respective cars did not render their coupling in the ordinary and usual way dangerous. On the contrary, the defendant not only conceded but introduced testimony tending to show that it had in use on its road many different kinds of cars, some without any dead-woods whatever. That, in addition, there came on its road in the regular course of business cars from other railroads, differing in their height, method of construction and mode of coupling.

It sought to show that these facts were well known to the plaintiff and to the members of the various switching crews, who, as a part of their work, were obliged to couple and uncouple cars for distribution from the yard in East Buffalo to various other points in the city, and for collection from the yards of other railroads for the purpose of making them up into solid trains to go east. Its object was to bring the plaintiff within the rule, that an employee who enters upon the discharge of duties which he understands to be dangerous, and continues in such employment after becoming fully aware of the faults of construction which render his work particularly hazardous, will be deemed to have assumed all the obvious risks incident to such employment.

This being the ground on which the defendant mainly claimed freedom from liability, the plaintiff was nevertheless permitted to show after he had rested his case and on the cross-examination of one of defendant's witnesses, against the objection of the defendant, that similiar accidents had occured on defendant's road prior to the one in question.

It is not seen how this evidence could have any legitimate bearing on the questions in issue, while it may have had the effect to encourage the jury to give a larger verdict against the defendant than they otherwise would.

It is the general rule that proof of similar accidents is not admissible in evidence. This rule has exceptions, it is true.

In Pomfrey *v.* The Village of Saratoga Springs, 104

N. Y. 459 ; 5 St. Rep. 802, a witness who was testifying as to the condition of the sidewalk at the time of the injury which was the subject of the action, was permitted to testify that he had fallen there himself, and it was held to be competent because it tended to show how he came to know the condition of the sidewalk.

It has been held that such evidence is competent in a class of cases where it is important to show that the defendant had notice, or was warned, of the dangerous character of municipal sidewalks, or of the inadequacy of facilities provided for the passage of passengers to and from trains over the company's premises.   Gillrie *v.* The City of Lockport, 122 N. Y. 403 ; 33 St. Rep. 636, and cases cited ; Brady *v.* Manhattan Railway Co., 127 N. Y. 46 ; 37 St. Rep. 340.

But the exceptions to the rule have not been and should not be so far extended as to permit such testimony in a case where it can have no bearing whatever on the issues ; otherwise the general rule, which is well grounded, would be overthrown.

In the case before us it did not tend in any degree whatever to the establishment or support of plaintiff's cause of action to show that the defendant had knowledge of the dangers incident to the coupling of cars such as those which were the occasion of plaintiff's injury.

It follows that a reversal of the judgment is required and we need not consider the other questions presented.

The judgment should be reversed.

All concur, except POTTER and VANN, JJ., not voting.

---

NOTE.

As to admissibility of evidence of similar accident, see Hoyt *v.* N. Y., L. E. & W. R. R. Co., 118 N. Y. 399; Martin *v.* Cook, 60 Hun, 577; Weiler *v.* Man. R. Co., 53 Id. 372; McKinney *v.* L. I. R. R. Co. Id. 633; 2 Sil. (Sup. Ct.) 543; McCarragher *v.* Rogers, 120 N. Y. 526; Gillrie *v.* City of Lockport, 122 Id. 403; Johnson *v.* Man. R. Co., 52 Hun, 111; Brady *v.*