### GOFF *v.* VILLAGE OF LITTLE FALLS.

*(Supreme Court, General Term, Fourth Department.    September, 1892.)*

1. MUNICIPAL CORPORATIONS—ICY SIDEWALKS—NEGLIGENCE.
    In an action against a village for injuries sustained by falling on an icy sidewalk, it appeared that ice and snow had formed a declivity the entire width of the walk where the accident occurred, and that during the day of the accident sleet had fallen, making all the sidewalks slippery.  *Held,* that the question of defendant's negligence in failing to remove the ice and snow was properly submitted to the jury.

2. SAME—CONTRIBUTORY NEGLIGENCE.
    There was evidence that plaintiff usually carried a cane, and that prior to the accident he had placed creepers on his boots, to prevent slipping, but that at the time of the accident he did not carry a cane nor have creepers on his boots.  *Held,* that whether plaintiff was guilty of contributory negligence was a question for the jury.

Appeal from circuit court, Herkimer county.

Action by William C. Goff against the village of Little Falls to recover damages for injuries sustained by falling upon an icy sidewalk.  From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, made on the minutes of the trial judge, defendant appeals.    Affirmed.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*J. D. Beckwith,* for appellant.    *C. J. Palmer,* for respondent.

MARTIN, J.    The defendant seeks by this appeal to reverse the order and judgment herein upon the grounds that the evidence failed to show negligence upon the part of the defendant which caused or contributed to the plaintiff's injury, or that the plaintiff was free from contributory negligence, and that the court erred in the admission and rejection of evidence, and in its instructions to the jury.    The plaintiff was a resident of the village of Little Falls, a municipal corporation.    While passing along the westerly side of Second street, one of the public streets of that village, the plaintiff fell, and broke his leg.    The evidence tended to show that at the place where the accident occurred there was a slope or declivity in the sidewalk, occasioned by snow having been cleared off the walk opposite what was known as the "Livery Stable," and snow and ice having been allowed to accumulate in front of the adjoining lot.    The proof was that the ice and snow had accumulated on the sidewalk opposite the Haley property to a depth of from 3 to 6 inches, and that at the point where the accident occurred there was a descent or declivity at an angle of 45 degrees of the length of about 10 or 12 inches, which extended the entire width of the sidewalk.    The proof also tended to show that the plaintiff usually carried a cane, and that he had

creepers placed upon his boots prior to the accident, to prevent slipping when it was icy, but that he did not carry a cane nor have creepers upon his boots at the time of the accident. The accident occurred about 11 o'clock in the forenoon. There had been more or less storm or sleet during the day, which had partly frozen as it fell, covering the streets and sidewalks of the village with a coating of ice, and making all of them slippery.

The rule, as established by the recent decisions in this state, seems to be that the duty resting upon a municipal corporation to remove accumulations of ice and snow from its streets and sidewalks becomes imperative only when dangerous formations or obstacles have been created, and notice of their existence has been received by the corporation, or sufficient time has elapsed to afford a presumption of knowledge of their existence and an opportunity to effect their removal. *Harrington* v. *City of Buffalo*, 121 N. Y. 147, 24 N. E. Rep. 186. A careful examination of the appeal book leads us to the conclusion that the evidence in this case was sufficient, under the rule stated, to justify the court in submitting the question of the defendant's negligence to the jury, and to justify the jury in finding that the defendant was negligent in not removing the accumulations of snow and ice from the sidewalk at the place where the accident occurred, and that such negligence was a proximate cause of the plaintiff's injury, without which it would not have occurred. *Masters* v. *City of Troy*, (Sup.) 3 N Y. Supp. 450, affirmed, 123 N. Y. 628, 25 N. E. Rep. 952; *Bishop* v. *Village of Goshen*, 120 N. Y. 337, 24 N. E. Rep. 720; *Keane* v. *Village of Waterford*, 130 N. Y. 188, 29 N. E. Rep. 130. We are also of the opinion that the question whether the plaintiff was guilty of contributory negligence was, under the evidence, a question for the jury, and the court could not have properly held as a matter of law that the plaintiff was negligent. *Thurber* v. *Railroad Co.*, 60 N. Y. 326; *Todd* v. *City of Troy*, 61 N. Y. 506; *Massoth* v. *Canal Co.*, 64 N. Y. 529; *Bullock* v. *City of New York*, 99 N. Y. 654, 2 N. E. Rep. 1; *Twogood* v. *City of New York*, 102 N. Y. 216, 217, 6 N. E. Rep. 275; *Peil* v. *Reinhart*, 127 N. Y. 381, 27 N. E. Rep. 1077; *Morrison* v. *Railroad Co.*, 130 N. Y. 166, 29 N. E. Rep. 105.

We have studied the numerous exceptions taken by the appellant to the charge of the court and to its refusal to charge as requested, but have found none that would seem to justify a reversal. When the whole charge is considered together, it becomes quite manifest that the case was presented to the jury upon a correct theory, and that all the questions involved were fairly and carefully submitted, with instructions that were as favorable to the defendant as it was entitled to. We have also carefully scrutinized the various rulings of the court as to the admission and rejection of evidence, but have found no reversible error. We think the judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.