# Cases

# FIFTH DEPARTMENT

AT

# GENERAL TERM

## October, 1892.

---

DELOS RIDDLE, Appellant, *v.* THE VILLAGE OF WESTFIELD, Respondent.

*Highways — a defect in a street caused by the act of the corporation — no proof of actual notice is necessary.*

Delos Riddle was driving a horse along a village street when the horse sank into a soft place and was injured. It appeared that the village had laid a watermain through the street about a month before; that the ditch had been filled with loose earth not properly packed in, and it could be reasonably inferred that the surface of the street sank from this cause.

In an action brought by Riddle against the village to recover the damages resulting from the injury to his horse:

*Held,* that as the unsafe condition of the street was not caused by the act of another, but by the village itself, it was not necessary that the plaintiff should prove actual or constructive notice of the defect to the village in order to recover.

Appeal by the plaintiff Delos Riddle from a judgment of the Chautauqua County Court, entered in the office of the clerk of Chautauqua county on the 5th day of January, 1891, reversing a judgment in favor of the plaintiff recovered in a Justice's Court.

*S. W. Mason,* for the appellant.

*H. C. Kingsbury,* for the defendant, respondent.

MACOMBER, J.:

At the trial, which was had before the justice of the peace and a. jury, the plaintiff recovered a judgment for fifteen dollars, the undisputed value of his horse. While driving along the street the horse suddenly fell or sank into a soft place and there received such injuries as to render him worthless.

The learned county judge reversed the judgment of the Justice's. Court upon the ground, that the plaintiff gave no evidence that the defendant's trustees had any knowledge or notice of the defective. highway, or that the defect had existed so long as that knowledge thereof might be inferred. There being, therefore, no notice to the village trustees, either actual or constructive, he was of the opinion that the recovery could not be sustained. The principle stated by the learned judge is, undoubtedly, correct, as is shown by the case of *Pomfrey* v. *Village of Saratoga Springs* (104 N. Y., 459). But there is an exception to the general rule, which is as well defined and stable as the rule itself, and that is: That where the unsafe condition of the street is caused directly by the act of the corporation itself, or its agents, liability for injuries sustained attaches directly, and not through the doctrine of notice, either express or constructive. (*Turner* v. *City of Newburgh*, 109 N. Y., 301.)

We are disposed to think that this case comes within the exception to the rule, and that upon the evidence the plaintiff was entitled to have the jury say whether his loss was ascribable to any omission of duty which the defendant owed to him as one of the traveling public.

As a municipal corporation the defendant had the care and management of the village streets. By its water commissioners the defendant had laid a water main through West Main street, adjacent to and so near the center of the street as to render it likely that a passing team might naturally come upon the surface of the ditch without fault of the driver. When passing along in the usual manner in which such horses are accustomed to be driven, the: plaintiff's horse slumped into the place of the ditch. The question before the jury was why did the horse go in there? Was it through the fault of the defendant? The accident happened March 1, 1890. The water pipe had been laid by the defendant's agents about a.

month or two before, and instead of properly packing the ground in the usual manner the ditch was filled with loose earth which would be liable to give way in the spring, as it did, in fact, in this instance. There is a suggestion made in the opinion of the learned county judge that the accident might have been caused by the bursting of the water pipe in the ditch. But we find no evidence to sustain such an hypothesis. The testimony, it is true, which the justice of the peace has sent up is meager and fragmentary, as is usual in appeals from that court; but enough, we think, appears to show that the jury was supported by evidence, and the proper inferences to be drawn therefrom in finding that the defendant so unskillfully covered the water-pipe trench as needlessly to jeopardize travelers.

On the whole, we think the judgment of the County Court should be reversed and that of the justice of the peace sustained.

DWIGHT, P. J., and LEWIS, J., concurred.

Judgment of the County Court of Chautauqua county reversed and the judgment of justice of peace affirmed, with costs to the plaintiff of the appeals to the County Court and to this court.