WILLIAM A. DEXTER, Respondent, *v.* THE VILLAGE OF FULTON, Appellant.

*When an appeal brings up only exceptions — negligence — duty of a municipal corporation to repair a bridge — notice of defects — motion to make a complaint more definite.*

Where the papers in a case on appeal from a judgment entered on the verdict of a jury contain no appeal from an order denying a motion for a new trial, and no order is found denying such a motion, and the case does not show that it contains all the evidence given upon the trial, the appeal brings up for review only the exceptions taken on the trial.

If, in an action brought against a municipal corporation to recover damages for its alleged negligence in the care of a bridge, the defendant desires a more accurate description of the place where the injuries claimed to have been sustained occurred, or of the negligence of the defendant in respect thereto, the proper course is to move to have the complaint made more definite and certain.

To sustain an action of this character some neglect or omission of duty in repairing defects must be shown in order to charge the municipality with the consequences.

FOURTH DEPARTMENT, APRIL TERM, 1895.          [Vol. 86.

The duty to repair arises after actual notice of the existence of the defect, or after such a lapse of time as would justify the imputation of negligence, if the defect had not been discovered.

The question of what, under the circumstances, is a reasonable time is one for the jury.

APPEAL by the defendant, The Village of Fulton, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oswego on the 27th day of October, 1894, upon the verdict of a jury rendered after a trial at the Oswego Circuit.

This action was brought to recover the damages resulting from personal injuries caused by the alleged negligence of the defendant in leaving one of its bridges in an unsafe and insecure condition, by reason whereof the plaintiff's horse stumbled and fell, receiving injuries, and also causing injuries to plaintiff's infant son of eight years of age, causing an expenditure for nursing the son of forty dollars and for medical services forty-one dollars and fifty cents.

*Sheldon B. Mead,* for the appellant.

*Charles F. Boyd* and *O. M. Reilly,* for the respondent.

HARDIN, P. J.:

Judgment was entered upon the verdict on the 27th day of October, 1894, in the clerk's office of Oswego county. A notice of appeal was prepared on the 10th of November, 1894, to the effect that the defendant appeals "from the judgment of the Supreme Court, herein entered in the clerk's office of the county of Oswego on the 27th day of October, 1894, in favor of the plaintiff against the said defendant." No appeal is found in the appeal book from any order denying a motion for a new trial. No order is found in the appeal book denying a motion for a new trial. The case does not show that it contains all the evidence given at the trial. The appeal, therefore, brings up "for review only the exceptions taken on the trial." ( *Wright* v. *Haskin Wood Vulcanizing Co.,* 76 Hun, 340.)

(1) Plaintiff's complaint alleges that the "unsafe, defective and dangerous condition of said bridge or culvert was caused by the negligent conduct of said village and its officers in the management and care of its streets, bridges, culverts and sidewalks." It also

alleges "that said bridge or culvert was defective, dangerous, unsafe and out of repair in the following respect or particular : The planks were rotten, loosely laid together, out of repair, weak and unsafe."

We think if the defendant desired that the complaint should contain a more accurate description of the place where the injuries occurred, or the negligence of the defendant in respect thereto, its remedy was to have the complaint made more definite and certain. (*Sherman* v. *Village of Oneonta,* 49 N. Y. St. Repr. 267 ; S. C., 21 N. Y. Supp. 137 ; S. C. affd., 142 N. Y. 637.)

(2) In considering the liability of a municipal corporation in a case somewhat like this it was said in *Gorham* v. *Village of Cooperstown* (59 N. Y. 660) that "some neglect or omission of duty in repairing defects or removing obstructions must be established in order to charge the municipality with the consequences of any defects in or obstruction of the thoroughfares within the corporation." And in *Rehberg* v. *The Mayor* (91 N. Y. 143) it was said that the duty to repair " arises after actual notice of its existence, or after such a lapse of time as would justify the imputation of negligence, if the defect or obstruction had not been discovered, and what is such reasonable time is a question for the jury." The doctrine of those cases was stated and followed in *Sherman* v. *Village of Oneonta (supra).*

We think the evidence presented upon the trial tended to make out a case of negligence against the defendant within the principles of the cases to which reference has already been had, and that the trial judge committed no error in refusing to nonsuit the plaintiff. Nor do we think it was error to refuse to charge " that there is no evidence in this case of any notice to the village of the defect upon which the cause of action is predicated, and no evidence showing or tending to show how long the defect complained of had existed prior to the accident." We think the comments of the trial judge in declining to so charge were proper.

The case of *Herrington* v. *Village of Phœnix* (41 Hun, 270) is unlike the case in hand. In that case there was a plank displaced, and it was said " it might have been displaced by a trespasser, or accidentally by the last team crossing the bridge before the accident." And it was further said "nor were any facts tending to establish negligence on the part of defendant's officers, except

that at the time of the accident a plank was displaced," given. In the case in hand upon the evidence presented it was for the jury to determine whether the defendant or its officers had been guilty of negligence in leaving the bridge in an unsafe and insecure condition. (*Hart* v. *Hudson River Bridge Co.*, 80 N. Y. 622 ; *Goff* v. *Village of Little Falls*, 47 N. Y. St. Repr. 729, and cases there cited.)

In *Pomfrey* v. *Village of Saratoga Springs* (104 N. Y. 465) it was said : " They do not fill the measure of their responsibility, however, by acting simply when they have actual notice, but they owe to the public the duty of active vigilance, and when a street or sidewalk has been out of repair for any considerable length of time, so that by reasonable diligence they could have notice of the defect, such notice may be imputed to them."

We have discovered no error in any of the exceptions taken by the defendant at the trial, and it follows that the verdict should be sustained.

MARTIN and MERWIN, JJ., concurred.

Judgment affirmed, with costs.