ANNA STEDMAN, Appellant, *v.* THE CITY OF ROME, Respondent.

88   279
33ap 74
88   279
37ap317

*Personal injuries — notice of defects in a street under the charter of the city of Rome — not required where its street superintendent creates them — contributory negligence — when to be determined by the jury.*

The provision of the charter of the city of Rome to the effect that the city shall not be liable for any injury caused by reason of its sidewalks being out of repair or unlawfully obstructed or dangerous from snow and ice, unless actual notice shall have been given to the mayor or common council of the city, is not applicable to a case where the accident which caused the injury was occasioned by the erection by the superintendent of streets of such city, across the sidewalk of one of its public streets, of a bridge which was seven inches above the level of the sidewalk and sloped on each side to the sidewalk.

In such case the obstruction which caused the accident having been created by the officers of the city, the city will be considered to have had full notice of its existence.

Contributory negligence is a question of fact and should be left to the jury, unless it so clearly appears from the circumstances of the case or from uncontradicted evidence as to leave no inference of fact in doubt. It is only in very exceptional cases that it can be adjudged to be a necessary legal conclusion from the facts proved.

Within the time prescribed by the charter of the city of Rome for the giving of notice of personal injury, provided for therein, a person injured by falling

on one of the streets of such city presented to its common council a notice of her injury in the following words: " That heretofore, and on or about the 24th day of November, 1893, while your petitioner was lawfully traveling upon the street and sidewalk in the said city, known as Henry street, and going westerly towards West street, and just before reaching a point on said street where the same connects with West street, and near an artificial structure known as a bridge, your petitioner, by reason of the imperfect character, slope, construction and condition of said street and bridge, and without any negligence on her part, and solely by the negligence of said city, its officers, employees, agents and servants, your petitioner then and there received a fall by reason of the condition of the street and bridge as aforesaid, and by the fall so received your petitioner broke her left arm, and was in consequence thereof made to suffer great pain, and was disabled and prevented from her usual avocations for some time, and will be so prevented for an indefinite period in the future. Your petitioner prays that your honorable body will award her the damages which she has suffered, which are at least in the sum of $1,500, and which the petitioner hereby presents as a claim against the city of Rome aforesaid."

*Held,* that the notice was sufficient and was a substantial compliance with the provisions of the charter of the city of Rome.

APPEAL by the plaintiff, Anna Stedman, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Oneida on the 19th day of October, 1894, upon the dismissal of the complaint directed by the court after a trial at the Oneida Circuit before the court and a jury, and also from an order entered in said clerk's office on the 19th day of October, 1894, denying the plaintiff's motion for a new trial made upon the minutes.

*George T. Davis* and *M. H. Powers,* for the appellant.

*A. D. Kneeland,* for the respondent.

MARTIN, J.:

This action was to recover damages alleged to have been sustained by the plaintiff by reason of the negligence of the defendant.

On the trial the plaintiff was nonsuited. The grounds of the motion were: (1) That the evidence did not establish the fact that the injury complained of was caused solely by the negligence of the defendant; (2) that the plaintiff did not show that she was free from contributory negligence; and (3) that the notice of the injury presented to the common council of the defendant was insufficient.

The court held the notice sufficient, but granted the defendant's motion and refused to submit to the jury the questions of the defendant's negligence and the plaintiff's · freedom from contributory negligence.

Prior to the time of the accident, the defendant by its superintendent of streets had erected upon and across the sidewalk of Henry street, a public street of the city, a bridge which was seven inches above the level of the sidewalk and sloped on each side to the sidewalk. The plaintiff, while passing over the sidewalk and bridge at that place, fell and broke her arm or wrist.

A careful examination of the evidence contained in the appeal book renders it clear, we think, that the question of the defendant's negligence was one of fact for the jury. (*Clemence* v. *City of Auburn*, 66 N. Y. 334; *Urquhart* v. *The City of Ogdensburgh*, 97 id. 238; *Bullock* v. *Mayor, etc., of New York*, 99 id. 654·; *Goodfellow* v. *Mayor, etc., of City of New York*, 100 id. 15; *Cohen* v. *Mayor, etc., of New York*, 113 id. 532; *Pettengill* v. *City of · Yonkers*, 116 id. 558; *Bishop* v. *Village of Goshen*, 120 id. 337; *Gillrie* v. *City of Lockport*, 122 id. 403; *Keane* v. *Village of Waterford*, 130 id. 188; *Colburn* v. *Trustees, etc., of Canandaigua*, 15 N. Y. St. Repr. 668; affd., 22 id. 996; *Higgins* v. *The Village of Glens Falls*, 33 id. 111; affd., 37 id. 964; *Sherman* v. *Village of Oneonta*, 49 id. 267; affd., 60 id. 867; *Goff* v. *The Village of Little Falls*, 47 id. 729.)

The provision of the defendant's charter which provides that it shall not be liable for any injury caused from its sidewalks being out of repair, or unlawfully obstructed, or dangerous from snow and ice, unless actual notice of the unsafe condition thereof has, prior to such injury, been given to the mayor or common council, is not, we think, applicable to this case, as the obstruction complained of was created by the defendant's officers, and, therefore, it had full notice of its existence. (*Riddle* v. *Village of Westfield*, 65 Hun, 432; *Brusso* v. *The City of Buffalo*, 90 N. Y. 679; *Wilson* v. *City of Troy*, 135 id. 96.)

We are also of the opinion that under the evidence the question whether the plaintiff was free from contributory negligence was one of fact, and should have been submitted to the jury. Contributory

negligence is a question of fact, and should be left to the jury, unless it so clearly appears from the circumstances or uncontradicted evidence as to leave no inference of fact in doubt. It is only in very exceptional cases that it can be adjudged as a necessary legal conclusion from the facts found. (*Thurber* v. *Harlem B., M. & F. R. R. Co.*, 60 N. Y. 326 ; *Massoth* v. *Delaware & H. C. Co.*, 64 id. 529 ; *Greany* v. *Long Island R. R. Co.*, 101 id. 419, 423 ; *Kellogg* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 72.)

The defendant's charter also contains the following provision : " All claims against the city for damages for injuries to the person claimed to have been caused or sustained by defects, want of repair or obstructions from snow or ice, or other causes in the highways, streets, sidewalks or crosswalks of the city, or because of negligence of the city as to the highways, streets, sidewalks or crosswalks of the city, shall be presented to the common council in writing within three months after said injury is received. Such writing shall describe the time, place, cause and extent of the injury, so far as then practicable, verified by the oath of the claimant. The omission to present said claim as aforesaid, within three months, shall be a bar to any claim or action therefor against the city." (§ 15, tit. 6, chap. 25 of the Laws of 1870, as amended by § 6 of chap. 384 of the Laws of 1881.)

Within the time required by this provision the plaintiff presented to the common council a duly verified claim, which described the time, place, cause and extent of her injury, as follows : " That heretofore, and on or about the 24th day of November, 1893, while your petitioner was lawfully traveling upon the street and sidewalk in the said city known as Henry street, and going westerly towards West street, and just before reaching a point on said street where the same connects with West street, and near an artificial structure known as a bridge, your petitioner, by reason of the imperfect character, slope, construction and condition of said street and bridge, and without any negligence on her part, and solely by the negligence of said city, its officers, employees, agents and servants, your petitioner then and there received a fall by reason of the condition of the street and bridge as aforesaid, and by the fall so received your petitioner broke her left arm, and was, in consequence thereof, made to suffer great pain, and was disabled and prevented from her

usual avocations for some time, and will be so prevented for an indefinite period in the future. Your petitioner prays that your honorable body will award her the damages which she has suffered, which are at least in the sum of $1,500, and which the petitioner hereby presents as a claim against the city of Rome aforesaid."

The respondent still insists that this notice was insufficient, although the court held otherwise, and now seeks to sustain the nonsuit upon that ground. We are of the opinion that this notice was sufficient, was a substantial compliance with the provisions of the defendant's charter, and hence the respondent's insistence cannot be sustained. (*Sullivan* v. *City of Syracuse,* 77 Hun, 440; *Werner* v. *City of Rochester,* Id. 33; *Masters* v. *City of Troy,* 50 id. 485; *Cross* v. *The City of Elmira,* 86 id. 467.)

It follows that the judgment should be reversed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order reversed on the exceptions and a new trial ordered, with costs to abide the event.