ANNA M. MICHELS, Respondent, *v.* THE CITY OF SYRACUSE, Appellant.

*Municipal corporations — negligence in permitting a sloping stone to form part of a sidewalk — notice.*

In an action brought to recover damages resulting from the alleged negligence of the defendant, a municipal corporation, it appeared that in the latter part of October, 1892, the sidewalk near the place of the accident had been relaid upon a different grade from the sidewalk connecting with it, the difference in grade being variously stated at from four to ten inches; that the two walks were connected by a flag, which was placed in a sloping position, one edge being level with the walk on the higher grade, and the other being level with the walk on the lower grade; that the surface of such sloping flag from one grade to the other was twenty-seven inches, and that the plaintiff fell and was injured on the 25th day of November, 1892.

Upon the trial of the action the plaintiff was permitted to prove that a day or two before the accident a witness had informed the defendant's superintendent of public works that he had seen five or six persons fall upon the inclined stone.

The defense was that the plaintiff had slipped upon an accumulation of ice and snow, which had resulted from rain and snow lately fallen.

The court charged the jury that the plaintiff could not recover unless they found that the sloping stone, or some defect in the sidewalk proper, was the sole cause of the injury, and not the sleet or snow.

*Held,* that the charge was sufficiently favorable to the defendant, and that a recovery by the plaintiff must be sustained; that the evidence of the witness, who informed the superintendent of public works of the dangerous character of the sloping stone, was competent upon the question of notice to the city.

APPEAL by the defendant, The City of Syracuse, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 20th day of October, 1894, upon the verdict of a jury rendered after a trial at the Onondaga Circuit and also from an order entered in said clerk's office on the 31st day of October, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Charles E. Ide,* for the appellant.

*William Kennedy,* for the respondent.

PER CURIAM:

On November 25, 1892, the plaintiff fell upon the sidewalk on the north side of East Fayette street in the city of Syracuse and

sustained an injury, to recover for which this action was brought. The action was based on the defendant's negligence.

In the latter part of October, 1892, the sidewalk near the place where the plaintiff fell and was injured had been relaid upon a different grade from the sidewalk connecting with it. The difference in the grade was proved to have been from four to ten inches. The plaintiff's witnesses testified that it was from six to ten inches, while the defendant's that it was from four to six. The walk was connected by a flag which was placed in a sloping position, one edge being level with the walk on the higher grade and the other being even with the walk on the lower grade. The surface of the slant from the higher to the lower grade was twenty-seven inches.

The plaintiff claimed that the defendant was negligent in permitting the walk to remain in that condition, and that by reason of such negligence her injury occurred. The defendant claimed that the cause of the plaintiff's injury was an accumulation of ice upon the sidewalk resulting from the rain and snow that had fallen and frozen upon the walk and walks generally in that locality, and, hence, that it was not liable, or guilty of any negligence which caused the plaintiff's injury.

The court, in submitting to the jury the question whether the defendant's negligence caused the plaintiff's injury, charged that if the snow or ice caused this accident or in any way produced it, the plaintiff could not recover, and that to entitle the plaintiff to succeed the accident must have been produced solely by the slope in the walk and not by reason of sleet or snow that had accumulated or was upon it at that time. It further charged that if the snow or ice produced the plaintiff's injury, or if the jury was unable to say that it resulted alone from the slope in the walk, then their verdict must be for the defendant, and that if it found that it was the snow and ice either alone or in connection with the slope that caused the plaintiff's injury, its verdict must be for the defendant.

It is not contended by the appellant that the questions of the defendant's negligence and the plaintiff's freedom from contributory negligence were not, under the evidence, questions of fact and properly submitted to the jury. Its contention is that the evidence was insufficient to show that the plaintiff's injury was the result of the defendant's negligence, and, hence, the plaintiff was not entitled to

recover. We think this contention cannot be sustained. The evidence introduced by the plaintiff tended to show that the injury resulted solely from the slope in the sidewalk, and that it was not occasioned by ice or snow. At least one witness who was present when the accident occurred testified that there was no snow or ice upon the walk at that place, and that it was not slippery from the presence of either. After carefully reading the evidence contained in the record before us, we are satisfied that the question whether the plaintiff's injury resulted from the slope in the sidewalk was one of fact, and properly submitted to the jury.

The facts in this case render it clearly distinguishable from the case of *Taylor* v. *City of Yonkers* (105 N. Y. 202) and other similar cases cited by the appellant. In those cases there was no evidence that permitted the jury to infer that the accident was occasioned from the slope or obstruction in the walk, or that the existence of such slope or obstruction concurred in causing the injury complained of. Upon the evidence in those cases it was just as probable that the injury was occasioned by a recent accumulation of ice as from the slope or obstruction in the walk. Under those circumstances the court held that the plaintiff could not recover.

In the case at bar the plaintiff's evidence tended to show that there was no ice or snow which contributed to the plaintiff's injury, and the court charged that the plaintiff could not recover unless the injury resulted solely from the slope in the walk. This was an instruction to the effect that the plaintiff could not recover unless the jury found that the testimony of the witnesses, who testified that there was no snow or ice upon the walk at the place where the injury occurred, was entitled to belief. There was sufficient evidence to justify the jury in finding that the injury resulted from the slope in the walk, and from that alone. As we had occasion to examine a similar question in *Goff* v. *The Village of Little Falls* (47 N. Y. St. Repr. 729), and there cited the authorities bearing upon the question, we deem it unnecessary to further refer to them at this time. Thus it follows that the judgment should not be disturbed on the ground that the evidence was insufficient to justify the jury in finding that the accident resulted solely from the negligence of the defendant in permitting the existence of this slope in the walk.

We have carefully examined the portions of the charge to which the

defendant excepted and to which our attention has been called by the appellant in its brief, but we have found no error that would justify an interference with the judgment or that requires special consideration. When the whole charge is considered it is manifest that the case was presented to the jury upon a theory that was as favorable to the defendant as it had a right to expect. If there were any errors in the charge they were in favor of the defendant, and of those it cannot justly complain.

On the trial the plaintiff was permitted to prove by the witness Thompson, that a day or two before Thanksgiving, which was before the plaintiff's injury, he informed the defendant's superintendent of public works that he had seen five or six persons fall upon that inclined stone, and stated to him that if they fell in the same ratio until night some one would get killed or terribly injured. This was objected to, and subsequently the defendant moved to strike it out upon the ground that it was in evidence that there was a changed condition on the day of the accident. The motion was denied, and the appellant excepted. We think the evidence was admissible, at least so far as necessary to show that the defendant's superintendent of public works had notice of the slope in the sidewalk prior to the plaintiff's injury, and that the appellant's exception was not well taken.

The judgment and order must be affirmed, with costs.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Judgment and order affirmed, with costs.

# Cases

### DETERMINED IN THE

# FIFTH DEPARTMENT

### AT

## GENERAL TERM,

### December, 1895.