(96 App. Div. 566.)

### McCARTHY v. CITY OF SYRACUSE.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1904.)

1. CLAIM AGAINST CITY—SUFFICIENCY OF WRITTEN NOTICE—CAUSE OF ACCIDENT.

Under Laws 1898, p. 438, c. 182, § 461, requiring a written claim against a city to "describe the time, place, cause, and extent of the injuries," a writing alleging that plaintiff, by reason of the imperfect and defective character, slope, construction, and condition of the sidewalk, being unaware of the abrupt incline, by reason of said condition of the sidewalk, and by reason of the turning over of her ankle on said incline, broke her leg,

is sufficient, as to the cause of the accident, to admit evidence that the walk was built on a slope, and that as plaintiff stepped on a board laid on the slope it broke by reason of its rotten condition, causing the injury.

McLennan, P. J., and Hiscock, J., dissenting.

Appeal from Trial Term, Onondaga County.

Action by Ellen McCarthy against the city of Syracuse. From a judgment on a nonsuit, plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

William Kast, for appellant.

A. H. Cowie and Walter W. Magee, for respondent.

STOVER, J. The action is one for damages for injuries received upon a defective sidewalk, so being by reason of the alleged negligence of the defendant. The court, at the close of plaintiff's testimony, dismissed the complaint upon the ground that the notice of claim did not state the cause of the accident, and that the notice of claim was insufficient to apprise the defendant of the cause of action proven. The evidence showed that the walk upon which plaintiff was injured was built upon a slope, and as she stepped upon a board which laid upon the slope it broke by reason of its rotten condition, and she was thereby injured.

The notice of claim set forth that:

"Your petitioner, by reason of the imperfect and defective character, slope, construction, and condition of said street and sidewalk, and without any negligence on her part, and solely by the negligence of said city, its officers, employés, agents, and servants, your petitioner, wholly unaware of said abrupt incline, then and there, by reason of the condition of the street and sidewalk as aforesaid, and by reason of the turning over of her ankle on said incline, broke her left leg, and was in consequence thereof made to suffer great pain, and was disabled and prevented from her usual vocations for some time," etc.

The contention of the defendant is that the fair construction of the notice is that the injuries complained of were caused by reason of the incline upon the walk, and not by the defective condition or rottenness, and that the proof upon the trial that the board broke by reason of its defective or rotten condition was such a variance with the notice as to defeat the plaintiff's cause of action.

Section 461, c. 182, p. 438, Laws 1898, being known as the "White Charter for the Government of Cities of the Second Class," and under which the notice of claim in this action was given, provides, among other things, as follows:

"All claims against the city for damages for injuries to person or property, claimed to have been caused by the misfeasance or negligence of the city, or any of its officers or employees, shall be presented to the common council in writing, within three months after such injuries. Such writing shall describe the time, place, cause and extent of the injuries, so far as then practicable, verified by the oath of the claimant."

It further provides that the omission to present such claim shall be a bar to an action. The evident purpose of the act was to require such a notice as would fairly inform the city of the time, place, and circumstances of the injury, in order that it might investigate and determine the foundation upon which the claim rested. In the case

under consideration an investigation would have disclosed the entire circumstances connected with the injury, for an inspection of the locus would ordinarily have been had by some person in charge of the sidewalks, and a casual observation would have shown the exact defect, if still existing, and, if repairs had been made, the employé or person making the repairs could have given the city full information as to the situation immediately upon the happening of the accident. It is hardly to be presumed that a person falling and receiving serious injury, as is conceded in this case, would, either at the exact time, or some time after, be able to furnish an exact and detailed description of the place and manner of receiving the injury, nor do we think the statute contemplates such exactness; but its requirement is that the notice should fairly and reasonably apprise the defendant of the accident, and the circumstances attendant thereon, that it may be enabled by investigation to determine the validity of the claim. These statutes have been held to relate to the remedy, and not to the right. Missano v. Mayor, 160 N. Y. 123, 54 N. E. 744. And it was said in Sheehy v. City of New York, 160 N. Y. 139, 54 N. E. 749, in referring to a similar statute, or one having in view similar purposes:

"The plain object of this statute was to provide means by which the city could better guard against the imposition of unfounded claims by being at once informed of their existence, so that its officers might more readily pursue an investigation of the merits than if longer postponed. On the other hand, it could not have been its purpose to deny to a party injured by the negligence of a city any remedy against it, nor to unnecessarily embarrass parties in the enforcement of their rights."

Parties filing notices of this character must almost of necessity frame them so as to cover defects of various natures, as it is quite frequently impracticable, in cases of serious injury, to determine the exact cause; and it is no hardship to place the city upon the defensive, after it shall have had fair notice of the time and place and the general cause and extent of the injuries. This certainly gives a full opportunity for investigation, and it is difficult to see in what manner the municipality can be prejudiced under such a notice. The notice in this action called attention to various elements which entered into or combined to cause the injury to the plaintiff—the imperfect and defective character, slope, construction, and condition of said street and sidewalk. Any one, or all combined, may have produced the injury, and under ordinary rules governing actions of this character plaintiff would not be compelled to specify with greater particularity the cause or extent of her injuries. In Stedman v. City of Rome, 88 Hun, 279, 34 N. Y. Supp. 737, under a statute which required the writing to "describe the time, place, cause, and extent of the injury," a notice in nearly, if not quite, the same language as the one under consideration, was held sufficient. We think, therefore, both upon principle and precedent the notice was sufficient to sustain the proof given, and that the dismissal of the complaint was error.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide event. All concur, except McLENNAN, P. J., and HISCOCK, J., who dissent.