## ALICE PADDOCK, RESPONDENT, _v._ THE CITY OF SYRACUSE, APPELLANT.

_Municipal corporations — notice before bringing an action for an injury resulting from a defective street or sidewalk — what is an insufficient statement of the "cause" of the injury._

The charter of the city of Syracuse, as amended by chapter 449, Laws of 1888, required, as a preliminary to the bringing of any action against it for an injury resulting from a defect in a street or sidewalk, that a notice be served on its mayor or city clerk, stating, among other things, the "cause of such injury or damage."

Such a notice, given on behalf of a party thus injured, stated that the "injuries resulted from a defective and dangerous sidewalk; * * * that said defective and dangerous sidewalk and said injuries were caused by the negligence of" said city.

_Held_, that said notice was not a sufficient statement of the cause of the injury, and that the statute had not been complied with.

APPEAL by the defendant, the City of Syracuse, from a judgment of the Onondaga Circuit Court, entered in the office of the clerk of said county on the 29th day of November, 1890, in favor of plaintiff, after a trial in said court before the court and a jury, at which a verdict was rendered in favor of the plaintiff for $500; also from an order, entered in said clerk's office on the 22d day of November, 1890, denying the defendant's motion for a new trial upon the minutes.

The action was brought to recover damages for personal injuries occasioned by the fall of the plaintiff upon a sidewalk upon James street, in the city of Syracuse, on the 28th of January, 1890.

_Charles E. Ide_, for the appellant.

_MacGregor & Wandell_, for the respondent.

MERWIN, J.:

The main question in this case is, whether the plaintiff, before the commencement of this action, complied with section 250 of the charter of the city of Syracuse, as amended by chapter 449 of the Laws of 1888. That section, as amended, is as follows:

"§ 250. The city of Syracuse shall not be liable in a civil action for any injury or damage resulting from any defect or improper

condition in or upon any street or sidewalk, unless written notice, specifying the time, place and cause of such injury or damage shall be served on the mayor or city clerk within six months after the injury or damage was received, nor unless an action shall be commenced within one year after the service of such notice. No action to recover or enforce any such claim against the city shall be brought until the expiration of forty days after the claim shall have been presented in the manner and form above provided."

On or prior to the 10th of March, 1890, the plaintiff served upon the proper officers a written notice stating "that on the 28th day of January, 1890, I sustained severe personal injuries by which my right arm was broken in three places, and I was otherwise injured and endúred great pain and suffering, and was incapacitated from the performance of manual labor, and am still suffering therefrom, which injuries resulted from a defective and dangerous sidewalk, situated upon the south side of James street, between Warren and Lock streets, just west of the canal bridge. That said defective and dangerous sidewalk and said injuries were caused by the negligence of the city of Syracuse, its agents, officers, servants and employees; that I intend to commence an action against the said city of Syracuse to recover the sum of one thousand dollars damages for the said injuries."

The claim of the appellant is, that the cause of the injury or damage is not sufficiently stated. The statute requires not only that the time and place must be stated, but also the cause. The notice states that the "injuries resulted from a defective and dangerous sidewalk," and were "caused by the negligence of the city." It does not state how the injury occurred, or that plaintiff fell on the sidewalk.

The case of *Noonan v. City of Lawrence* (130 Mass., 161) is quite similar to the present. There the requirement of the statute was that notice should, in a certain way, be given "of the time, place and cause of the said injury." The notice, in fact, given, after stating that the plaintiff fell upon a certain sidewalk at a certain time, stated "that the cause of her fall and consequent injury was the defective and dangerous condition of the way, which the city negligently permitted to be out of repair, though bound by

law to keep it in repair." This was held to be insufficient, the court saying : " To state that the injury was caused by ' the defective and dangerous condition of the way, which the city negligently permitted to be out of repair,' is not notice of the cause of the injury ; it is simply stating the general ground upon which a city, in every case, is liable for injuries sustained upon the highway ; but it states no cause for this particular injury. It is equally consistent with an excavation in the way, an obstruction upon the way, an original malconstruction of the way, a worn, uneven and irregular condition of the surface of the earth, an accumulation of snow or ice, or both, or any of the many varieties of defect which may exist in a way. The notice must, to be sufficient, be so reasonably specific as to time, place and cause, as to be of substantial assistance to the proper authorities in investigating the question of their liability." The same principle was applied in *Miles* v. *Lynn* (130 Mass., 398), it being said that ." the statute is intended to secure to the city or town, to which the notice is given, such information as to the exact locality, and as to the nature of the alleged defect, that it will be able to judge for itself whether any cause of action really exists, and to repair the defect, if a real one, before further injury results from it." In *Spellman* v. *Chicopee* (131 Mass., 443), a notice, which stated as the cause, that the walk was out of repair and was coated with ice and was slippery, was held to be sufficient, it being, however, said that it was not sufficient to assign as the cause that the way was defective, or in a dangerous condition, or out of repair. In *Cronin* v. *Boston* (135 Mass., 110), the cause alleged in the notice was, that the sidewalk was "rough, hobbly and slippery." It appeared in the case that the defect consisted of an accumulation of ice on the sidewalk. The notice was held to be insufficient.

We have examined the cases cited by the counsel for the plaintiff but find none that pass upon the sufficiency of a notice like the present one, so far as the specification of the cause of injury is concerned.

By section 250, above referred to, before the amendment in 1888, it was provided that the notice should specify " the time and place where the same was received." The section as amended required the cause to be also specified and provided that no action should be commenced until forty days after the service of such a notice

Assuming the time and place to have been properly stated, the city was entitled to further information. The cause of the injury or damage must be specified. To say that the cause of the injury was the negligence of the city, or was a defective and dangerous sidewalk, only stated a conclusion.

The statute undoubtedly called for a statement of what produced the injury or damage, a specification of the defect or improper condition complained of, so that the city officials, within the time given them before a suit should be commenced, could ascertain whether the allegations were true, and whether they should settle or defend. The case before us shows no difficulty in the way of plaintiff describing the alleged defect.

The city was entitled to the benefit of the statute, and a substantial compliance by plaintiff with its provisions was a condition precedent to the right of plaintiff to bring the action.

We think the principle laid down in the Massachusetts cases is a reasonable one and should be followed. We, therefore, hold that the notice was insufficient. It follows that the judgment must be reversed.

MARTIN, J., concurred.

Judgment and order reversed upon the exceptions and a new trial ordered, with costs to abide the event.