### GIBBONS *v.* VILLAGE OF PHŒNIX.

*(Supreme Court, General Term, Fourth Department. July, 1891.)*

1. DEFECTIVE SIDEWALKS—ACTION FOR INJURIES—CONTRIBUTORY NEGLIGENCE.

   In an action against a village for injuries sustained by a fall on a defective plank sidewalk, plaintiff testified that she knew the walk was poor, but was looking at her child's dress in front of her, and did not see the hole causing her fall, the child having just stepped over it. There was a broken plank at that point, which, when stepped upon, would go down. *Held*, that the degree of care with which a person having knowledge of the defects of a sidewalk must walk over it was a question for the jury, and, their verdict being for the plaintiff, the court would not disturb it on the ground of contributory negligence.

2. SAME—EVIDENCE.

   Plaintiff's physician was properly allowed, in such case, to testify that a miscarriage suffered by plaintiff might be traced to the injury she received by her fall.

3. APPEAL—OBJECTION NOT RAISED BELOW—HYPOTHETICAL CASE.

   An objection that a medical witness was allowed to give an opinion upon certain facts as presented, instead of upon a hypothetical case, comes too late on appeal.

Appeal from circuit court, Oswego county.

Action by Elizabeth Gibbons against the village of Phœnix to recover damages sustained by plaintiff in falling upon a sidewalk in the village of Phœnix on the 24th June, 1890. From a judgment entered on the verdict of a jury, and from an order denying a motion for a new trial made on the minutes, defendant appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Avery & Merry*, for appellant. *C. M. Reilly*, for respondent.

MERWIN, J. No question is made about the negligence of the defendant. Very clearly that was a question for the jury. It is not so clear as to the ab-

sence of negligence on the part of the plaintiff. In the forenoon of a pleasant day, the plaintiff, with two small children, one about three years old, and the other two, was passing along the sidewalk in question, when, as she says, her foot went down in a hole, and she fell on her knees, and a piece of board flew up and struck her in the side. She had one of the children by the right hand, and the other was just ahead. She says: "1 knew the sidewalk was poor, but I didn't see the hole before I fell. I was looking right down at my child's dress in front of me. He had passed over the hole in which I fell. He only just stepped over, and I went right along behind him, and like to went right into the hole; down I fell upon my knees. * * * I was walking very slow when the accident occurred. I was not giving any attention to the side- walk. I was walking along just the same as I would at any other time." From other evidence it appeared that there was at that point a broken plank, which when stepped on would go down, and that it may have been so placed that no hole was apparent until the plank was actually stepped on. If that was so, it would materially affect the question of contributory negligence. At the trial no point was made as to contributory negligence, nor was any motion for nonsuit made. The case upon its merits was fully and fairly pre- sented to the jury by the court in a charge that was not excepted to. In *Palmer* v. *Dearing*, 93 N. Y. 10, it is said: "While previous knowledge by a party injured of a dangerous situation, or impending danger, from which a person of ordinary intelligence and prudence might reasonably apprehend in- jury, generally imposes upon him the duty of exercising greater care and cau- tion in approaching it, yet the degree of care which should be required of such a person has uniformly been held in this state to be a question of fact to be determined by the jury." In view of this rule, and the failure to raise any question on the subject at the trial, we think that the verdict should not be interfered with on the ground of contributory negligence.

It is further claimed by the appellant that the evidence in the case is not sufficient to warrant the jury in finding that the miscarriage complained of was caused by the fall. The evidence on this subject was conflicting. Its weight upon either side of the disputed question was for the jury, and no sufficient ground is apparent for us to interfere. The physician who attended the plaintiff after the injury was allowed to state, in reference to the cause of the miscarriage, that it might be traced to the injury she received in falling on the sidewalk. This was proper. *Turner* v. *City of Newburgh*, 109 N. Y. 301, 16 N. E. Rep. 344. The physician in giving this opinion based it gener- ally upon the evidence of the plaintiff as to the manner in which she fell. It is now suggested that this was not correct, but that his opinion should have been taken upon a definite hypothetical case. This ground of objection was not taken. Had it been taken, it might have been obviated. It is not now available. No other grounds of reversal are presented. Judgment and order affirmed, with costs. All concur.