CHRISTINE BELTZ, Respondent, *v.* THE CITY OF YONKERS, Appellant.

*Defect in a city sidewalk — a pedestrian may assume it to be in good repair — constructive notice of the defect to the city.*

A person has the right in walking along a street to assume that the city authorities have performed their duty, and that its sidewalks are safe.

Upon the trial of an action brought to recover damages for injuries sustained by a fall upon a sidewalk of a city, it was shown that a triangular piece had been broken off the adjacent outside corners of two flagstones, leaving a hole twenty-six inches on the longest side, and five inches in the widest place, in the middle of the walk, which had been there for about four years.

*Held,* that the evidence was sufficient to charge the city with constructive notice of the existence of the defect in its sidewalk;

That it was sufficiently dangerous to attract attention.

APPEAL by the defendant, The City of Yonkers, from a judgment of the Supreme Court, made on the 12th day of June, 1893, and entered in the office of the clerk of the county of Westchester, upon

the verdict of a jury rendered after a trial at the Westchester Circuit, and also from an order made on the 9th day of June, 1893, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*James M. Hunt,* for the appellant.

*John F. Brennan,* for the respondent.

DYKMAN, J.:

This is an action for the recovery of damages resulting from injuries sustained by a fall upon a sidewalk. At the place where the plaintiff fell the sidewalk was eight feet wide, and consisted of two rows of stone flagging, each row being four feet wide. A small triangular piece had been broken off the outside corners of two of the flagstones of the inside row of flagging where they joined the outside row. The piece broken off from each stone was about thirteen inches on the longest side, and tapered to a sharp point When both pieces were out they left a hole twenty-six inches long on the longest side, five inches wide in the widest place, tapering to a point each way, and two inches deep on the day of the accident. The hole was in the middle of the walk, and had remained there for about four years.

The evidence tended to show that the plaintiff was walking over this sidewalk on a rainy morning in February, 1893, carrying an umbrella, when she stepped into this hole and fell, and broke both bones of her leg.

There was but little dispute respecting the facts, and the jury rendered a verdict in favor of the plaintiff for $5,000.

From the judgment entered upon the verdict and from an order denying a motion for a new trial upon the minutes of the court the defendant has appealed to this court.

So we have presented the questions usually involved in an action sounding in negligence.

In respect to the negligence of the defendant, however, the evidence was sufficient to charge it with constructive notice of the existence of the defect in the sidewalk. It had been broken for four years, and was sufficiently dangerous to attract attention. When the earth was soft from moisture the foot of a person who stepped

into the open space would sink into the ground, and in lifting it out it might become entangled or wedged between the stones, as the foot of the plaintiff doubtless did.

The exercise of proper vigilance and care by the officers of the municipality would have discovered that danger, and caused the reparation of the walk.

We conclude, therefore, that the evidence and the circumstances disclosed justified the jury in convicting the defendant of negligence.

In relation to the contributory negligence of the plaintiff, we find no evidence of such carelessness as would have justified the trial judge in taking the case from the jury, and convicting the plaintiff of negligence as a matter of law. The plaintiff had the right to walk along the street in the expectation that the defendant had performed its duty, and that the walk was safe.

She walked in an ordinary manner, and we think the jury was justified in finding her free from carelessness.

In relation to the damages we do not find them so excessive as to justify our interference.

It is to be said respecting actions against municipal corporations which relate to defective streets or sidewalks that they are usually severe. It is practically impossible to maintain the streets and walks in a perfect condition. Flagstones become depressed or broken. The surface becomes uneven by the settling of some stones more than others, the earth or the pavement in the traveled portion of the streets sinks in places sufficient to break a wagon or injure a horse, even when the variation is slight. There is no provision for constant inspection, and usually the public funds provided are inadequate to pay for repairs which would be sufficient to avoid all accidents. Yet the courts can administer no relief so long as questions of negligence are to be submitted to courts or juries; they must be decided upon the evidence and the law applicable thereto without regard to consequences.

Our conclusion is that the judgment and order from which this appeal is taken should be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.