MARY A. MORRIS, Respondent, *v.* THE NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Appellant.

*Railroad passenger — action for damages — evidence justifying a verdict based upon the plaintiff's being a regular passenger — professional communications — excessive verdict.*

In an action brought to recover the damages sustained by the plaintiff in jumping from the cars of the defendant, a railroad company, in order to avoid a collision, it was shown, upon the trial, that the plaintiff's brother was a brakeman on the train upon which she was traveling; that she had no pass, but had money to pay her fare, but that no one asked her for it. The plaintiff testified that there was no arrangement whatever that she was to travel on a pass; that she purchased no ticket, and referred the conductor to her brother, the brakeman, but she was not permitted to testify as to a previous conversation with her brother on this subject.

*Held,* that the proof was not sufficient to justify the reversal of the verdict of a jury in favor of the plaintiff, based upon the fact that she had no pass and was a regular passenger.

Where a person is called in professionally as consulting physician, what is said in consultation in the presence of the patient is inadmissible in evidence. The fact that the physicians in attendance did not agree upon the patient's disease does not permit the confidential statements between physician and patient to be disclosed.

What evidence justifies a jury in rendering a verdict for $3,500 damages, considered.

APPEAL by the defendant, the New York, Ontario and Western Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 6th day of July, 1893, upon the verdict of a jury for $3,500, rendered at the Orange County Circuit, and also from an order entered in said clerk's office on the 20th day of June, 1893, denying the defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*William Vanamee,* for the appellant.

*W. F. O'Neill,* for the respondent.

BARNARD, P. J.:

There is no uncertainty in the proof as to the defendant's negligence causing the accident which injured the plaintiff, nor is there

any doubt as to the fact that the plaintiff was free from all negligence which contributed to her injury. She was a passenger on the defendant's train, and saw an approaching engine of the defendant's coming upon the same track. She jumped from the car just before the crash of the collision and was hurt in her fall. The extent of the injury is disputed. The plaintiff states that she is thirty-three years of age; that before the accident she was a healthy, rugged woman, the mother of two children, one born after the accident. The injury was received the 16th of November, 1891, and up to the trial in June, 1893, she had been unable to do any work. In this statement of her injury the plaintiff is supported by her husband. Proof was given tending to show a permanent injury of the spine, caused by the concussion from her fall, and that she was growing worse. There was proof given by the defendant tending to show that the plaintiff, at and soon after the accident, said she was not hurt, and by those who saw her get off from the cars, that she did not fall, but landed upon her feet and ran across to a store. Proof was also given by the defendant tending to show that the plaintiff was not in good health before the accident.

The defendant sought to prove that the plaintiff was riding on a pass. Her brother was a brakeman on the train upon which plaintiff was traveling. She had no pass; had money to pay her fare, but no one asked her for it. She says that there was no arrangement whatever that she was to travel on a pass. She purchased no ticket, and referred the conductor to her brother George (the brakeman), and when she attempted to testify as to what her brother said about it on the day before, she was stopped. This proof is not sufficient to reverse a verdict of the jury based upon the fact that she had no pass and was a regular passenger.

The testimony of Dr. De Kay was properly rejected. He was called in professionally as consulting physician. What either of the physicians in attendance said in consultation in the presence of the plaintiff is inadmissible. (*Renihan* v. *Dennin*, 103 N. Y. 573.)

They did not agree upon the disease, and this fact will not permit the confidential relation between physician and patient to be rendered nugatory. The defendant asked the regular physician, Payne, if Dr. De Kay did not say the plaintiff's injury was intercostal

neuralgia, and he said he did. No case, for what is known as impeaching evidence, is made. The damages, $3,500, are not excessive, if the jury believed the testimony of the plaintiff and her husband.

The judgment and order denying a new trial should be affirmed, with costs.

DYKMAN, J., concurred.

PRATT, J.:

Defendant concedes its negligence, and does not claim that plaintiff was guilty of contributory negligence.

The questions of fact were, whether the plaintiff took passage intending to pay her fare, and whether she was injured and to what extent. These were sharply disputed, and the contention of each side was sustained by an abundance of witnesses.

The case is pre-eminently one to be decided by the jury. There is no such preponderance of evidence as to call for the interference of the court. There is no question of law that requires discussion.