(8 Misc. Rep. 450.)

### WILSON v. BROADWAY & S. A. R. CO.

(Superior Court of New York City, General Term.  May 7, 1894.)

1. CARRIERS—INJURY TO PASSENGER ON STREET CAR—EVIDENCE.
   In an action for injuries to a passenger on a street car, caused by a collision with another car at a crossing, plaintiff may testify as to the speed of defendant's car when near the crossing.
2. DAMAGES—WHEN NOT EXCESSIVE.
   A verdict of $3,250 for personal injuries is not excessive where plaintiff, who was 22 years old, and very strong, was so cut and bruised on his right wrist and arm as to permanently impair the strength of the arm, and to cause pain for several years after the injury.

Appeal from jury term.

Action by William J. Wilson against the Broadway & Seventh Avenue Railroad Company for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN and McADAM, JJ.

Root & Clarke, for appellant.
William Allan, for respondent.

FREEDMAN, J. The action was brought to recover damages for personal injuries sustained by the plaintiff while a passenger on one of defendant's cars, which collided with another car by reason of defendant's negligence. All the questions presented by the evidence given by both parties were fully and fairly submitted to the jury, who rendered a verdict in favor of the plaintiff for $3,250. The brief of the learned counsel for the appellant presents but two points for the consideration of the general term, and all others may, therefore, be deemed to have been waived.

The first point raised is that the trial judge erred in permitting the plaintiff, on his direct examination, to answer a question as to the rate of speed of the defendant's car within two blocks of Bleecker street. The car of the defendant was going south through Wooster street, and ran into a car going east through Bleecker street while the latter was crossing Wooster street. The front platform of defendant's car struck the center of the Bleecker street car. Under these circumstances, it was relevant and material to show the rate of speed at which defendant's car was going at or near the place of collision. Plaintiff's answer, "They were going at quite a rapid pace," clearly

did not prejudice defendant's case, as showing, or tending to show, another negligent act some distance away from the point of the collision, for there is abundant other testimony in the case, which came in without objection, to the effect that defendant's driver, as he approached Bleecker street, was whipping the horses, and that they were galloping, and going at the rate of about 10 miles an hour, and that they had been made to go quite fast for some distance before reaching Bleecker street. The point is therefore clearly untenable.

The second point is that the verdict is excessive. The plaintiff was 22 years old when he was injured. He was strong and powerful. In the collision his wrist was cut and his right arm severely bruised, and as a consequence his hand swelled and puffed out, and his fingers contracted. The contraction of the fingers is due to an injury to the nerves supplying those fingers, and the impairment of the said nerves is permanent, so that he will never have the same muscular power in grasping with his hand that he had before. He has suffered intense pain, and still suffers pain after the lapse of several years, and his doctor's bill was $175. In view of the foregoing and other minor facts which bear upon this branch of the case, it cannot be held that the verdict is excessive. The judgment and order should be affirmed, with costs.