### DETERMINED IN THE

# THIRD DEPARTMENT

#### AT

## GENERAL TERM,

## May, 1894.*

James Walsh, an Infant, by Sarah Walsh, his Guardian ad Litem, Suing as a Poor Person, Respondent, *v.* Fitchburg Railroad Company, Appellant.

*Permitting children to play in the street — not negligence per se — damages sustained by trespassing children — the enticement of the children, by the landowner, on a railroad turntable, a question for the jury — when a verdict will not be interfered with.*

It is not negligence *per se* to allow children *non sui juris* to play in the public street; whether it is or not depends upon circumstances which must be submitted to the jury.

A person who has lawfully placed upon his own premises something by which another is injured while trespassing thereon is not liable therefor, as he owes no duty to a trespasser.

In an action brought against a railroad company to recover damages alleged to have been sustained by a child five years of age, while playing on a turntable upon the premises of such corporation, it is a question for the jury to determine whether, under the circumstances of the case, the railroad company had invited, lured or enticed young children upon its premises to play with the turntable, and, if it had, whether such turntable was left in such a condition as to charge the railroad company with any resulting injury.

If a corporation erects and maintains upon its own land for its own use a structure capable of inflicting injury on persons, and by its appearance and operation calculated to attract or allure children *non sui juris*, and to endanger their life or limbs, and leaves the same unguarded and injury results therefrom to such children, without the fault or negligence of their parents or guardians, it constitutes negligence on the part of such corporation for which a recovery

---

* The other cases of this term will be found in volume 77 Hun.— [Rep.

Hun — Vol. LXXVIII.     1

may be had; under such circumstances the party erecting and maintaining such dangerous structure owes a duty to society to so guard the same that young children shall not be lured thereto to their destruction.

It is ordinarily the province of jurors, under proper instructions, to regulate the amount of damages to be awarded in a given case, and the court should not usurp that prerogative of the jury unless the damages are so disproportionate to the amount of the injury suffered as to evince bias, prejudice or passion on the part of the jury.

APPEAL by the defendant, the Fitchburg Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 28th day of November, 1893, upon the verdict of a jury rendered on a trial at the Rensselaer Circuit, and also from an order entered in said clerk's office on the 28th day of November, 1893, denying the defendant's motion for a new trial made upon the minutes.

*T. F. Hamilton,* for the appellant.

*Henry T. Nason,* for the respondent.

MAYHAM, P. J.:

The plaintiff, James Walsh, aged about five years, went upon the premises of the defendant in company with other children, and while playing upon a railroad turntable of the defendant was injured. The turntable was located on the line of the defendant's railroad in an open space in the city of Troy, and pedestrians were in the habit, without any special consent or objection of the defendant, of passing over this space near the turntable in going from one point or street in the city to another.

It is also in proof that children were in the habit of playing upon the turntable, some riding upon it while others revolved or turned it. by getting into the pit in which it was located and pushing it around. The table was of the ordinary construction and of the same kind in use by the defendant at various other points on the line of the defendant's railroad.

It revolved easily upon a pivot in the center upon which it rested, and at the time of the injury was being pushed around by a lad fifteen or sixteen years old. It was not kept locked or bolted when not in use by the defendants.

The evidence showed that the plaintiff, who resided with his

mother, about 300 feet from the turntable, had been forbidden going onto or playing on the same, and that at the time of the injury had eluded his mother's vigilance and gone upon the table without her knowledge or consent. This case has once before been before this court on an appeal from a judgment of nonsuit, and was sent back for a new trial on the ground that the question of the negligence of the mother in permitting this child to escape upon this turntable, and also the question of the negligence of the defendant in allowing this table, without being bolted or locked, to be open and accessible to children who desired to play upon it, were questions of fact for the jury. (*Walsh* v. *Fitchburg R. R. Co.*, 67 Hun, 604.)

This court then held upon the authority of *Kunz* v. *The City of Troy* (104 N. Y. 344) that it was not negligence *per se* to allow children *non sui juris* to play in the public street, and whether or not it was negligence depended upon circumstances which must be submitted to the jury.

But it is claimed by the learned counsel for the appellant that there is a distinction between a public street where all may lawfully be, and private property which is lawfully open to the entry of the owner and his servants only, and that so long as the turntable was properly constructed for the use of the defendant on its own premises, the defendant owed no duty to the plaintiff, who, at most, was there only under an implied license, growing out of the frequenting of this place by children for play without objection. In support of this doctrine he cites *Larmore* v. *Crown Point Iron Co.* (101 N. Y. 391); *Splittorf* v. *The State* (108 id. 205); *Cusick* v. *Adams* (23 N. Y. St. Repr. 548); *Murphy* v. *The City of Brooklyn* (118 N. Y. 575).

All of these cases proceed upon the theory that a defendant who has lawfully placed upon his own premises something by which another is injured while trespassing thereon, is not liable therefor on the ground that he owes no duty to such trespasser, a doctrine well established by authority, and which, in the abstract, cannot be questioned.

But the evidence in this case seems to disclose an element not found in any of the cases cited. That element was the allurement and attraction furnished by this revolving table to the playful instincts of children, against which the defendant seems not to have

furnished any protection, and by indulging children in the use of which the defendant seems to have extended to them an implied license, without the revocation of which it could not have treated their entry as trespass.

This element the learned trial judge submitted to the jury to say whether the defendant, under all the circumstances, had invited, allured or enticed the plaintiff upon the premises to play with the turntable, and if it had, whether such turntable was left in such a condition as to charge it with any resulting injury. This ruling follows the determination of this court, when the case was here on a former appeal. (67 Hun, 604, *supra.*)

It is also in harmony with the decision of the United States Supreme Court in *Railway Co.* v. *Stout* (17 Wall. 657). In that case Henry Stout, a boy six years old, without the knowledge of his parent, went in company with two other boys, one nine and the other ten years old, to the defendant's railroad depot, and from there, at the suggestion of one of their number, to the defendant's railroad turntable to play. The turntable was a heavy structure composed of wood and iron, but so balanced as to turn easily upon its center pivot or axle. It was not locked or bolted nor was it watched or guarded by any employee of the company. While the other two boys were turning or revolving the table, the plaintiff attempted to climb upon it, when one of his feet was caught between the end of the rail on the turntable and the end of the rail on the stationary track and was crushed. For this injury the plaintiff sued the railway company and recovered a judgment.

Two cases could scarcely be more nearly alike than that case and the one at bar.

In delivering the opinion of the Supreme Court of the United States, on appeal to that tribunal, Justice HUNT uses this language: " That the turntable was a dangerous machine which would be likely to cause injury to children who resorted to it, might fairly be inferred from the injury which actually occurred to the plaintiff. There was the same liability to injury to him, and no greater' than existed with reference to all children.

" When the jury learned from the evidence that he had suffered a serious injury by his foot being caught between the fixed rail of the roadbed and the turning rail of the table, they were justified in

believing that there was a probability of the occurrence of such accidents. So, in looking at the remoteness of the machine from inhabited dwellings, when it was proved to the jury that several boys from the hamlet were at play there on this occasion, and that they had been at play upon the turntable on other occasions, and within the observation and to the knowledge of the employees of the defendant, the jury was justified in believing that children would probably resort to it, and that the defendant should have anticipated that such would be the case.

" As it was the fact on this occasion, so it was to be expected that the amusement of the boys would have been found in turning this table while they were on it or about it. This could certainly have been prevented by locking the turntable when not in use by the company. It was not shown that this would cause any considerable expense or inconvenience to the defendant. * * * The jury may well have believed that if the defendant had incurred the trifling expense of replacing this latch, and had taken the slight trouble of putting it in its place, these very small boys would not have taken the pains to lift it out, and thus the whole difficulty have been avoided. Thus reasoning, the jury would have reached the conclusion that the defendant had omitted the care and attention it ought to have given, that it was negligent and that its negligence caused the injury to the plaintiff."

In *Mullaney* v. *Spence* (15 Abb. [N. S.] 319) it was held that the defendant, who operated a coal elevator upon his own land by machinery calculated to attract the curiosity of children, was liable for injury to a child *non sui juris* who was attracted into and upon the defendant's premises, which were not guarded or protected, and was injured, although the child was technically a trespasser upon the defendant's land, and although this was the determination of the General Term of the City Court of Brooklyn, it seems to have been well considered, and the learned judge cites *Linch* v. *Nurdin* (1 Ad. & Ell. [N. S.] 31 [41 Eng. C. L. 422]); *Vale* v. *Bliss* (50 Barb. 358); *Birge* v. *Gardiner* (19 Cow. 506); *Whirley* v. *Whiteman* (1 Head [Tenn.], 610); *Mangam* v. *Brooklyn* (38 N. Y. 455); *Cosgrove* v. *Ogden* (49 id. 255).

While the question cannot be regarded as entirely free from doubt, the weight of authority seems to be that, if a defendant erect

and maintain upon his own land for his own use a structure capable of inflicting injury to persons, and by its appearance and operation calculated to attract or allure children *non sui juris*, and to endanger their life or limbs, and leaves the same unguarded, and injury results therefrom to such children, without the fault or negligence of their parents or guardian, it is negligence on the part of the defendant for which a recovery may be had; that under such circumstances the party erecting and maintaining such dangerous structure owes a duty to society to so guard the same that young children shall not be lured thereto to their destruction.

If we are right in this the only remaining question is as to the amount of damages in this case.

While the damages in this case are larger than we, sitting as jurors, might have awarded, we must recognize the fact that ordinarily it is the province of jurors under proper instructions to regulate the amount of damages to be awarded in a given case, and that the court should not usurp that prerogative of the jury, unless the damages are so disproportionate to the amount of injury suffered as to evince bias, prejudice or passion on the part of the jury.

We fail to see in the amount of this verdict any evidence of the presence of such improper emotions on the part of the jury.

We think the trial judge was right in denying a motion to set aside the verdict as excessive.

The judgment and order denying a motion for a new trial should be affirmed, with costs.

HERRICK, J., concurred.

PUTNAM, J.:

The decision of the court in *Walsh* v. *Fitchburg R. R. Co.* (67 Hun, 604) renders an affirmance of the judgment necessary, and I, therefore, concur.

Judgment affirmed, with costs.