for which they are accountable as executors, they seek the statute for the purpose of learning what disposition to make of the fund. They are there directed "to pay the debts of the deceased according to the following order." There being no debts under either the first or second class, they are next to pay "judgments docketed and decrees enrolled against the deceased according to the priority thereof respectively." Moreover, this class is made the only exception in which preference is "given in the payment of any debt over other debts of the same class." The statutory provision above quoted may or may not be equitable, but I have no doubt whatever as to the intention of the legislature. Let a decree be submitted accordingly, on two days' notice.

---

(8 Misc. Rep. 610.)

### DEMOND v. BROOKLYN CITY R. CO.

(City Court of Brooklyn, General Term.  May 28, 1894.)

1. WITNESS—CREDIBILITY—INSTRUCTIONS.
    A request to charge that, if the jury believe that plaintiff has willfully sworn falsely to any material point, they "should" disregard her entire testimony, is properly refused, and the jury instructed that in such case they "may" disregard plaintiff's entire testimony.

2. DAMAGES—WHEN NOT EXCESSIVE—PERSONAL INJURIES.
    A verdict for $3,000 is not excessive, where it appears that plaintiff became unconscious soon after the accident, and remained so for hours; that she sustained a severe bruise, which was of such character as to cause sloughing down to the muscles; that grafting skin from other parts of the body was necessary to heal the wound; that plaintiff was in bed for two weeks, and confined to the house five weeks; and that she was lame for ten months.

Appeal from trial term.

Action by Kate M. Demond against the Brooklyn City Railroad Company for personal injuries. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before OSBORNE and VAN WYCK, JJ.

Moore & Wallace, for appellant.
Andw. J. Provost and Chas. J. Patterson, for respondent.

OSBORNE, J. Plaintiff brought this action to recover damages for personal injuries alleged to have been occasioned by the negligence of the defendant. It appeared that on the 22d day of January, 1892, between the hours of 11 and 12 in the morning, plaintiff became a passenger on one of the Lee and Nostrand avenue cars of the defendant. When she arrived at the corner of Hewes street and Lee avenue, the car was stopped by her direction, and she proceeded to alight. According to her statement, when she had one foot on the step of the car, and was about placing the other on the ground, the car suddenly started, and threw her down with great violence. In falling, her leg struck against some part of the car, and was very severely and seriously bruised. The defendant denied that any such accident occurred on said line on that morning, and, for the purpose of sustaining such denial, it produced the conductors

of all the cars which passed the corner of Hewes street and Lee avenue between said hours of 11 and 12, each one of whom testified that no such accident took place on his car. The jury found a verdict in favor of the plaintiff for the sum of $3,000.

The learned counsel for the appellant claims on this appeal that the plaintiff failed to show herself free from contributory negligence. This was a question that properly belonged to the jury to determine, on all the evidence in the case. The learned trial judge charged the jury very fully as to what would constitute contributory negligence on the part of the plaintiff, and it was left to the jury to determine whether negligence on her part contributed to cause the accident, the jury being instructed that, if they so found, they must render a verdict for the defendant. Their verdict disposes of this contention of the appellant.

The appellant's counsel further claims that the court erred in refusing to charge his fifteenth request, to which refusal counsel duly excepted. A complete answer to this exception would seem to lie in the statement that the fifteenth request is not printed in the appeal book, and we have no positive knowledge as to its language or scope. It may, however, be spelled out, from the discussion with reference to the fifteenth request, that the defendant asked the court to charge that, if the jury believed that the plaintiff had willfully sworn falsely upon any material point, they should disregard her entire testimony. The court did charge that if the jury believed that the plaintiff had willfully sworn falsely on any material point, they might disregard her entire testimony. The proposition, as charged, was, in our opinion, the correct law on the subject. None of the authorities cited by the learned counsel for the appellant in his brief goes so far as to sustain the proposition which he apparently requested the court to charge, nor have we been able to find any authority that does support the request as a whole. The furthest that any of the decisions have gone is to hold that, in case the jury should believe that a witness has willfully sworn falsely to any material statement, they should disregard such portion of that witness' testimony as is uncorroborated. The exception was not well taken.

It is further urged by the appellant that the motion for a new trial should have been granted, on the ground that the damages were excessive. It does not seem to us that the sum of $3,000 was an excessive award for the injuries and pain and suffering which the plaintiff testified to, and as to which she was corroborated by her physicians and other witnesses. It appeared that immediately after the accident she walked about half a block, to her sister's house; that, soon after arriving there, she became unconscious, and remained so for hours. In addition to the general shock to her system caused by being thrown to the ground while alighting from the car, she sustained a severe bruised wound on her left leg, five to six inches long, and about two and a half inches wide. This wound was of such a character as to cause the integuments covering the bruised part to slough off down to the muscles, and it was necessary, in order to promote the healing of this wound, to graft small pieces of skin on

the surface of it. It required from 125 to 150 grafts to complete this process. The wound itself was a very painful one, and the clipping of the cuticle from portions of the plaintiff's body for the purpose of grafting it on the wounded spot was likewise painful. The accident happened in January. Plaintiff was in bed for some two weeks, and was confined to her house for four or five weeks more. The grafting process continued up to May. The doctor was in attendance on her more or less regularly to the month of July, and plaintiff continued lame until September or October, and, even at the present time, claims that she still suffers from the result of these injuries, and is unable to walk as far as she formerly could. Taking all these circumstances into consideration, the pain and suffering that were caused by plaintiff's injuries, her long confinement to her bed and to her house, and the fact that, as she states, she has not yet, after a period of nearly two years and a half, entirely recovered from the effects of this injury, it seems to us that $3,000 was a very reasonable compensation to award to her. No other questions or exceptions are raised on this appeal. For the reasons above stated, we think that the judgment and order appealed from should be affirmed, with costs.