(77 Hun, 440.)

### SULLIVAN v. CITY OF SYRACUSE.

(Supreme Court, General Term, Fourth Department.   May 18, 1894.)

1. NEGLIGENCE—DANGEROUS PREMISES—CONDITION AFTER ACCIDENT.
   In an action for personal injuries, evidence as to the condition several days afterwards of the place where the accident occurred is admissible, if it is to be followed by evidence that the place has remained the same.

2. SAME—CONTRIBUTORY NEGLIGENCE—INFERENCE.
   Freedom from contributory negligence may be inferred from facts and circumstances.

3. MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—NOTICE OF INJURY.
   Under Laws 1885, c. 66, providing that a city shall not be liable for damages caused by a defective street unless a notice specifying "time, place, and cause" of injury shall be served within a certain time, a notice which states that the injury occurred August 5th is sufficient, though it appears that it occurred on evening of August 4th.

Appeal from circuit court, Onondaga county.

Action by Anna Sullivan against the city of Syracuse for personal injuries. From a judgment entered on a verdict in favor of plaintiff for $200, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

Charles E. Ide, for appellant.
Hoyt & Farrington, for respondent.

HARDIN, P. J. Plaintiff's action was brought to recover damages for personal injuries sustained by her while, on the 15th of August, 1891, in passing along Linden street, as she claims, she was thrown down by a loose or broken board in the sidewalk, and that on that occasion she received a severe blow across both her ankles, and that she sprained both ankles, and received other bodily injury. Plaintiff is a widow, some 55 years of age, who supported herself by her own work; and she alleges she was passing along the sidewalk in question, carrying a basket of eggs

to a customer of hers, who lived on Harrison street, and that when near the schoolhouse gate, on Linden street, she stepped upon a loose or broken board in the sidewalk, which flew up and struck her across the ankles with a severe blow. One witness who was called testified that the boards were broken, and that he had seen some of them in the gutter. Considerable evidence was given as to the condition of the walk at the time the injuries were received, and at times preceding the occasion of the injuries. It is insisted in behalf of the defendant that an error was committed in receiving evidence of the condition of the walk two or three days after the injuries occurred. When the attention of the trial judge was called to the objection made by the defendant, he observed:

"The condition that the walk was in two or three days afterward may be given, if there was no change in the condition from what it was at the time of the accident. If it is followed by evidence that it remained the same, the evidence may be given. The jury will not consider it, unless it appears that the walk was in the same condition at this time—two or three days after—as it was at the time of the accident."

We think the trial judge committed no error in laying down the rule to be applied. Corcoran v. Village of Peekskill, 108 N. Y. 151, 15 N. E. 309, is unlike the case before us. The evidence in that case that was held to be improper related to the fact that the defendant, after the accident, had built a fence around the area where the accident occurred.

2. While the rule is, as stated in Wiwirowski v. Railway Co., 124 N. Y. 425, 26 N. E. 1023, that the burden is upon the plaintiff of showing that she was free of contributory negligence, the want of negligence may be established from facts and circumstances warranting an inference to that effect. Galvin v. Mayor, 112 N. Y. 223, 19 N. E. 675; Chisholm v. State (N. Y. App.) 36 N. E. 185. And the evidence in the case was such that the court could not rule, as a matter of law, that the plaintiff was guilty of contributory negligence. On the contrary, it was his duty to submit that question, as he did, to the jury. Gibbons v. Village of Phoenix (Sup.) 15 N. Y. Supp. 410; Goff v. Village of Little Falls (Sup.) 20 N. Y. Supp. 175; Sherman v. Village of Oneonta (Sup.) 21 N. Y. Supp. 137.

3. Plaintiff, in her complaint, alleges that the injuries were sustained on the 5th day of August, 1891. The notice given to the mayor of the defendant asserts that the accident was on the 5th day of August, 1891. The learned counsel for the plaintiff asked the court to charge the jury that "unless the jury find that the accident occurred on the 5th day of August, 1891, the plaintiff cannot recover under the notice served in this case." The court refused to so charge, and an exception was taken, and thereupon the court did charge as follows:

"As I have already said, gentlemen, it is not fatal to her case if it was the evening of the 4th; but the question for your consideration is whether substantially at that place, and substantially at the time she has given, whether she sustained the accident and the injury that she claimed."

Dr. Jarvis was called as a witness, and he said, in the course of his testimony:

"I think it was in August, 1891. I believe the 5th of August was the first time she called upon me."

The notice was served on the 21st of September, 1891. The statute which requires notice provides that the city shall not be liable for—

"Damages resulting from any defect or improper condition in or upon any street or sidewalk unless written notice specifying time, place and cause of such injury or damage shall be served upon the mayor or city clerk within six months after the injury or damage was received." Laws 1888, c. 449; Laws 1885, c. 66.

In Paddock v. City of Syracuse, 61 Hun, 8, 15 N. Y. Supp. 387, a question was presented as to the sufficiency of a notice given under the statute, and it was held that the notice was too general as to the character of the defects complained of, and in the course of the opinion it was said:

"The city was entitled to the benefit of the statute, and a substantial compliance by the plaintiff with its provisions was a condition precedent to the right of the plaintiff to bring the action."

We think the construction of the statute which obtained at the trial of this case was not inconsistent with the rule laid down in the Paddock Case.

We are of the opinion that no error was committed during the progress of the trial, and the verdict of the jury should be sustained. Judgment and order affirmed, with costs. All concur.