LYDIA H. CROSS, Respondent, *v.* THE CITY OF ELMIRA, Appellant.

*Negligence — sufficient written notice of personal injury to a municipal corporation — amount of damages.*

In an action brought against a municipal corporation to recover damages for personal injuries caused by the defendant's alleged negligence in permitting a sidewalk to be in an unsafe condition, it appeared that the city charter required the presentation by the claimant to the mayor or to the city attorney of a written notice describing the time and location of the place where such injury occurred and the cause and extent of the injury. The notice served stated that the plaintiff was walking upon a plank sidewalk on the north side of East Washington street, between Oak and Pratt streets. It was shown that this plank sidewalk was 150 feet long, and that the distance between Oak and Pratt streets was 368 feet. It was not claimed on the trial that the city had been misled by the generality of the notice.

*Held,* that the notice was not too general in its terms, and sufficiently located the place of the accident.

A working woman, about thirty-three years of age, apparently in a healthy condition, who followed an occupation in which she was able to earn wages by her manual labor, sustained injuries which impaired the use of her knees, obliged her to use crutches, and compelled her to lose her employment.

*Held,* that a verdict of $2,500, in an action brought by her to recover the damages thus caused, was not excessive.

APPEAL by the defendant, The City of Elmira, from a judgment of the Supreme Court in favor of the plaintiff, entered in the clerk's office of the county of Chemung on the 26th day of May, 1894, upon the verdict of a jury for $2,500 rendered after a trial at the Chemung Circuit, and also from an order entered in said clerk's office on the 9th day of June, 1894, denying the defendant's motion for a new trial made upon the minutes.

Plaintiff's complaint states that the defendant was guilty of negligence in " neglecting to perform the ·powers aforesaid, and failing to perform its said duties ; the defendant, through and by its officers and agents, negligently permitted and suffered the plank sidewalk on the north side of East Washington avenue between Pratt and Oak streets, the said street being a public highway of said city on the 21st day of October, 1891, to be and remain in a rotten, decayed, defective and dangerous condition, some of the planks therein having become decayed to such an extent as to leave large holes in the said walk and other plank therein having been entirely removed therefrom, thereby leaving large holes and openings in said walk. Into one of such holes on the evening of the said 21st day of October, 1891, the plaintiff, then and now an inhabitant of said city, while lawfully and carefully walking on said sidewalk, without negligence on her part, stepped, and was thereby violently precipitated and thrown upon the adjoining concrete walk or ground, because of the aforesaid negligence of the defendant as aforesaid." The complaint states the damages sustained by the plaintiff, and that she was " injured in her person, both of her knees and knée pans being seriously bruised and injured, and she was in all respects greatly hurt, bruised and wounded, and was sick, sore, lame and disordered, and so remained and continued for a long space of time, to wit, during all the time since the happening of said accident, and is still so disabled at the commencement of this action, during all of which

time plaintiff has suffered great and severe pain, suffering and injury, and has been hindered and prevented from performing and transacting her necessary affairs and business." It also alleged that she had been obliged to, and did necessarily pay, lay out and expend and become liable for the payment of large sums of money in and about endeavoring to be cured; and also that "within three months of the happening of such injury and more than ninety days before the commencement of this action, a duly verified claim for damage was presented by and in behalf of the plaintiff to the mayor of said city, and presented for payment to the common council."

Defendant's answer admits that it is a municipal corporation created under and by virtue of an act of the Legislature, as alleged in the complaint. It contains several denials, and an averment " that the plaintiff by her own negligence and carelessness contributed to the alleged injury."

*James Bacon,* for the appellant.

*Knipp & Clarke* and *Roswell R. Moss,* for the respondent.

HARDIN, P. J. :

October 21, 1891, the plaintiff passed northerly on Oak street until she reached the north side of East Washington avenue, and while passing between Oak street and Pratt street she stepped into a hole in the plank and fell on the cement walk, striking upon both of her knees and received the injuries mentioned in her complaint, and minutely described in the evidence given at the trial. There was no sidewalk at the time on the south side of East Washington avenue between Oak and Sullivan streets, which is the street next east of Pratt street. As the plaintiff passed along the sidewalk she knew there were holes in it, and she testifies that she went carefully along, and when she stepped into the hole she was pitched forward and struck her knees on the tar walk, which joined on to the plank walk. The hole which she fell into was about six inches from the end of the tar walk, and she testifies that when she fell she hurt her knees badly. Abundant evidence was given tending to show that the walk at and near the place where she received the injuries was out of repair and had been so for a year or more. While the plaintiff was giving evidence as to the defective condition of the walk in

question, the court inquired of the defendant's counsel, viz.: "I understand you don't make any serious contention as to the condition of the walk," and the defendant's counsel in response thereto said: "We cannot help but concede that this walk was somewhat out of repair." In the course of the charge the court observed: "The defendant here has practically made no contest at all upon the condition of this walk, or the length of time it had been there. Therefore, gentlemen, you will take little time to pass upon the question of the defendant's negligence inasmuch as the defendant's attorney does not here contest it." No exception was taken to that part of the charge. Upon all the evidence furnished by the plaintiff it was proper for the court to submit the question of her freedom from contributory negligence, as one of fact, to the jury. (*Dale* v. *City of Syracuse,* 71 Hun, 449; *Beltz* v. *City of Yonkers,* 74 id. 73; *Sherman* v. *The Village of Oneonta,* 49 N. Y. St. Repr. 267; S. C. affd., 142 N. Y. 637; *Leopold* v. *President, etc.,* 74 Hun, 137.)

(2) By several motions for nonsuit and by objections and exceptions to evidence the appellant raised the question upon the trial as to the sufficiency of the notice of the plaintiff's claim given to the city, which the statute requires as a condition precedent to the right to maintain the action. In chapter 535 of the Laws of 1884, at page 649, the 99th section of the charter of the appellant was amended so as to read as follows: "All claims against the city for damages or injury alleged to have arisen from the defective, unsafe or dangerous condition of any street, highway, bridge, culvert, sidewalk or crosswalk of or in said city, or from negligence of the city authorities in respect to any such street, highway, bridge, culvert, sidewalk or crosswalk, shall, within three months after the happenings* of such damage or injury, be presented by or in behalf of such claimant to the mayor or city attorney in writing, signed by the claimant or his agent or representative attorney and duly verified by one of such parties, describing the time and location of the place where such injury occurred, cause and extent of the damage or injury. The omission to present such claim as aforesaid within said three months shall be a bar to any action or proceeding therefor against the city." It appears by the evidence that the distance between Oak street and Pratt street is about

---

* So in original.

368 feet, and that on the north side of East Washington avenue there was a plank sidewalk for about a distance of 150 feet. The notice given by the plaintiff was to the effect that " while walking eastward on the plank sidewalk on the north side of East Washington avenue between Oak and Pratt streets in said city, I (she) stepped into a hole in the said sidewalk, which had been negligently permitted to be and remain therein ; and the said sidewalk then being in a defective, unsafe and danger-ous condition." It was contended at the trial in behalf of the defendant that the notice was too general, and in response to such contention considerable evidence was received tending to show that the defendant was not misled by the language used in the notice ; and at the close of the evidence when the question was again brought to the attention of the court as to the sufficiency of the notice the judge inquired of the counsel for the defendant, viz. : " Do you desire me to submit to the jury the question as to whether the city was misled ? " And the defendant's counsel responded : " No, sir." After some discussion between the court and counsel, the judge again observed : " Do you desire to go to the jury upon the question as to whether they were misled by the generality of this notice ? " And the answer of the defendant's counsel was : " No, sir." And in the course of the ruling made by the court in refusing to nonsuit upon the ground that the notice was insufficient the court observed to the defendant's counsel, viz.. : " If you desire to, I will submit to the jury the question as to whether the city was misled by the general nature of that claim. If you don't care for that then I will hold as a matter of law that the notice of the claim is sufficient, and submit the case to the jury upon the other question." To that ruling the defendant's counsel took an excep-tion. The language used in the defendant's charter differs slightly from the language found in the charter of the city of Syracuse referred to in *Paddock* v. *City of Syracuse* (61 Hun, 8). In that case the written notice was required to be given " specifying the time, place and cause of such injury ; " and, according to the lan-guage in the statute now before us, the notice is to be given " describing the time and location of the place where such injury occurred." In the *Paddock* case the case of *Noonan* v. *City of Lawrence* (130 Mass. 161) was referred to, which stated : " The

notice must, to be sufficient, be so reasonably specific as to time, place and cause as to be of substantial assistance to the proper authorities in investigating the question of their liability;" and the conclusion reached in the *Paddock* case was that a substantial compliance, by the plaintiff, with the provisions of the statute was required.

In *Sullivan* v. *City of Syracuse* (77 Hun, 442) a notice that had been given fell under consideration and it was in effect held that a substantial compliance by the plaintiff with the provisions of the statute was sufficient.

In *Werner* v. *City of Rochester* (77 Hun, 35), where a similar question was presented, HAIGHT, J., said: "This statute should receive a reasonable construction. The time, place and circumstances should be given with reasonable accuracy so as to enable the officers charged with the duty of investigating the circumstances to determine whether the claim is meritorious. We do not think this statute contemplates that a person injured should be required to give the exact time when it occurred, for this in many cases would be quite impossible. Neither do we think that the statute contemplates that he should be put to the expense of employing a surveyor to accurately locate the place where the accident occurred." In view of all the circumstances disclosed by the evidence we are of the opinion that the ruling of the trial judge to the effect that the notice was sufficient ought not to be disturbed.

(3) We think the evidence presented a question of fact for the jury to determine whether the injuries which the plaintiff received caused traumatic synovitis. While there was a conflict relating to the question as to whether the condition in which she was weeks and months after the injury was attributable to the injuries which she received, or whether they arose by reason of her being afflicted with rheumatism, we think the question of fact was one proper to be determined by the jury, and was carefully presented to the jury by the trial judge, and that their verdict on that subject should be approved.

(4) Prior to the accident the plaintiff, a woman about thirty-three years of age, was apparently in a healthy condition, following an occupation in which she was able to earn by her manual labor wages. Assuming, as we must, that according to the finding of the jury

that the injuries which she received caused the suffering which she was called upon to endure by reason of the loss of the use of her knees and causing them to be swollen and her legs to be comparatively useless, after suffering from treatment at home and in a hospital, and the necessary expense in procuring the same, and being subjected repeatedly to blisters and cauterizations, which have been found insufficient to work restoration to her of the usefulness of her limbs, leaving her in a condition that she has been obliged to use crutches and is incapable of standing upright to ascend stairs, or to stoop or to bend her knees, and compelling her to lose her employment and opportunity to earn wages, as was shown by the evidence, we are of the opinion that the court properly refused to grant a new trial on the ground that the damages was excessive. ( *Vail* v. *Broadway Railroad Co.*, 31 Abb. N. C. 56 ; S. C., 6 Misc. Rep. 20 ; *Morris* v. *N. Y., O. & W. R. R. Co.*, 73 Hun, 560 ; *Demond* v. *Brooklyn City R. R. Co.*, 8 Misc. Rep. 610 ; S. C., 60 N. Y. St. Repr. 824 ; *Fox* v. *Brooklyn City R. R. Co.*, 7 Misc. Rep. 285 ; *Wilson* v. *Broadway & 7th Ave. R. R. Co.*, 8 id. 450; *Walsh* v. *Fitchburg R. R. Co.*, 78 Hun, 1 ; *Stephens* v. *Hudson Valley Knitting Co.*, 48 N. Y. St. Repr. 814 ; *Gale* v. *N. Y. C. & H. R. R. R. Co.*, 13 Hun, 1 ; *Scott* v. *Sun Printing & Pub. Assn.*, 74 id. 284.)

The judgment and order should be affirmed, with costs.

MARTIN and MERWIN, JJ., concurred.

Judgment and order affirmed, with costs.